THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>DONALD TRUMP, in his official capacity as President of the United States, U.S. DEPARTMENT OF HOMELAND SECURITY; JOHN F. KELLY, in his official capacity as Secretary of the Department of Homeland Security; TOM SHANNON, in his official capacity as Acting Secretary of State; and the UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Defendants. | No. 2:17-cv-00141-JLR<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION'S MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF<br><br>NOTE ON MOTION CALENDAR:<br>February 2, 2017 |

SEIU MOTION FOR LEAVE TO FILE
AMICUS CURIAE BRIEF
Case No. 2:17-cv-00141-JLR
007000-18  934425 V1



1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................1

II. ARGUMENT .......................................................................................................................1

    A. Federal District Courts Have Broad Discretion To Allow The Participation Of Amici Curiae...............................................................................................................1

    B. Service Employees International Union Has the Requisite Interest .........................2

    C. SEIU Can Provide Helpful Information To The Court That Will Not Duplicate Arguments Presented By The Parties .......................................................................2

    D. The State of Washington Has Consented To SEIU's Filing An Amicus Brief In This Case ...................................................................................................................3

    E. The Amicus Brief Is Timely .....................................................................................3

III. CONCLUSION....................................................................................................................4

SEIU MOTION FOR LEAVE TO FILE
AMICUS CURIAE BRIEF- i
Case No. 2:17-cv-00141-JLR
007000-18  934425 V1



1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101

## I. INTRODUCTION

The Service Employees International Union ("SEIU") respectfully moves for leave to file an amicus curiae brief in support of the State of Washington's Motion for a Temporary Restraining Order. A copy of the proposed brief is attached as Exhibit A to this motion. The State of Washington does not oppose the filing of this amicus curiae brief. As of the filing of this motion, the United States has not responded to counsel's request for consent.

## II. ARGUMENT

### A. Federal District Courts Have Broad Discretion To Allow The Participation Of Amici Curiae

District courts have inherent authority—derived from Federal Rule of Appellate Procedure 29—to grant participation by an amicus curiae. *See Skokomish Indian Tribe v. Goldmark*, 2013 WL 5720053, at *1 (W.D. Wash. Oct. 21, 2013). This Court has broad discretion to determine whether to permit an amicus brief, *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), and amicus status is generally allowed when "the information offered is timely and useful." *Ellsworth Assocs. v. U.S.*, 917 F. Supp. 841, 846 (D.D.C. 1996). Amicus participation is especially appropriate where the ramifications of the decision extend beyond the current parties. *Sierra Club v. BNSF Ry. Co.*, 2016 U.S. Dist. LEXIS 124269, at *5 (W.D. Wash. Sept. 13, 2016).

Specifically, courts "normally allow" an amicus brief "when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Youming Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (citing *Ryan v. Commodity Futures Trading Comm'n*, 125 F. 3d 1062, 10564 (7th Cir. 1997)); *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (same). This assistance to the court may take many forms, including "ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs." *See N. Mariana Isls. v. United States*, 2009 U.S. Dist. LEXIS 125427, at *3-4 (D.D.C. Mar. 6, 2009).

This Court has granted participation by an amicus in a variety of cases, including those involving challenges to agency action. *See Ctr. for Biological Diversity v. United States EPA*,

SEIU MOTION FOR LEAVE TO FILE
AMICUS CURIAE BRIEF- 1
Case No. 2:17-cv-00141-JLR
007000-18  934425 V1



1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101

2014 U.S. Dist. LEXIS 20623, at *30 (W.D. Wash. Feb. 18, 2014). The Court has also granted leave to participate as amici to non-profit organizations, where those organizations had "a particular perspective that may not otherwise be before the court." *Microsoft Corp. v. United States DOJ*, 2016 U.S. Dist. LEXIS 115867, at *27 (W.D. Wash. Aug. 29, 2016).

**B.     Service Employees International Union Has the Requisite Interest**

The Service Employees International Union is an international labor organization representing approximately two million working men and women in the United States and Canada employed in the private and public sectors. In the State of Washington alone, SEIU's local-union membership exceeds 126,000. Members include public school teachers, janitors, security officers, nurses, and long-term care workers who provide quality healthcare, education, and building services to Washington residents. Many of SEIU's Washington-resident members are foreign-born U.S. citizens, lawful permanent residents, or immigrants authorized to work in the United States. And many of SEIU's Washington-resident members have mixed-status families.

**C.     SEIU Can Provide Helpful Information To The Court That Will Not Duplicate Arguments Presented By The Parties**

The accompanying amicus brief from SEIU provides additional information showing why the State of Washington has standing to challenge President Donald J. Trump's January 27, 2017 Executive Order ("Executive Order."). *See* Dkt. No. 17. The amicus brief contains factual information that will assist the Court in resolving the parties' competing claims on that issue, without duplicating the parties' arguments. The brief documents that the impact of the Executive Order on the SEIU and its Washington-resident members is profound, and highlights the State's pressing interest in protecting its residents and preserving its tax base by providing real-life examples of the immediate and irreparable harm that will occur if the Executive Order is allowed to stand.

SEIU MOTION FOR LEAVE TO FILE
AMICUS CURIAE BRIEF- 2
Case No. 2:17-cv-00141-JLR
007000-18  934425 V1



1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101

### D. The State of Washington Has Consented To SEIU's Filing An Amicus Brief In This Case

In determining whether to grant leave to file an amicus brief, this Court also takes into account whether the parties object to the filing. *See, e.g.*, *Cobell*, 246 F. Supp. 2d at 63 (denying leave to file an amicus brief in part because both parties submitted motions in opposition). SEIU satisfies this test at least in part, since the State of Washington has consented to SEIU's filing a brief. Moreover, even where the parties to an action have objected to the participation of an amicus—which none have here—courts will still evaluate a motion for leave, drawing on the tests set forth in Federal Rule of Appellate Procedure 29(b): "(1) the movant's interest; and (2) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." *See Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 10564 (7th Cir. 1997). As the discussion above demonstrates, SEIU satisfies these standards, since it has a strong interest in this case, an amicus brief from SEIU is desirable, and the matters that it asserts in the brief are relevant to the Court's disposition of the issues presented.

### E. The Amicus Brief Is Timely

The filing of this motion with the accompanying brief is timely. Using the Federal Rules of Appellate Procedure as a guide, the brief of an amicus is due "no later than seven days after the principal brief of the party being supported is filed." Fed. R. App. P. 29(e); *see also Microsoft Corp.*, 2016 U.S. Dist. LEXIS 115867, at *27 ("In the absence of local rules governing the role of amicus curiae, the court will adhere to the applicable rules found in the Federal Rules of Appellate Procedure."). In this case, the party being supported by SEIU is the State of Washington, and the State of Washington filed its principal brief on Monday, January 30, 2017 and its supplemental brief on Wednesday, February 1, 2017. Accordingly, the instant motion and brief are being filed well within the seven day time frame that would apply under the appellate rules. Alternatively, and again drawing on the appellate rules, this Court can exercise its discretion, as it deems necessary and appropriate, and specify a time within which the Plaintiffs may "answer" the amicus brief from SEIU. *See* Fed. R. App. P. 29(e).

SEIU MOTION FOR LEAVE TO FILE
AMICUS CURIAE BRIEF- 3
Case No. 2:17-cv-00141-JLR
007000-18 934425 V1



HAGENS BERMAN

1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101

### III.   CONCLUSION

The Court should therefore exercise its discretion to permit SEIU to file the attached amicus brief. Counsel of record for SEIU is familiar with the scope of the arguments presented by the parties and will not unduly repeat those arguments. Instead, SEIU will draw upon its communications with Washington-resident members and their families affected by the Executive Order to illustrate the profound, widespread, and irreparable harm it has caused and will continue to cause absent Court intervention.

DATED this 2nd day of February, 2017.   Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By   */s/ Steve W. Berman*
    Steve W. Berman WSBA #12536
By   */s/ Andrew M. Volk*
    Andrew Volk WSBA #27639
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel: (206) 623-7292
Fax: (206) 623-0594
steve@hbsslaw.com
andrew@hbsslaw.com

Nicole G. Berner, General Counsel
Debbie Smith, Associate General Counsel
Trisha Pande, Law Fellow
SERVICE EMPLOYEES INTERNATIONAL UNION
1800 Massachusetts Avenue, NW
Washington, DC  20036

*Counsel for Amicus Curiae Service Employees International Union*

SEIU MOTION FOR LEAVE TO FILE
AMICUS CURIAE BRIEF- 4
Case No. 2:17-cv-00141-JLR
007000-18 934425 V1



1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101

# CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michelle R. Bennett, michelle.bennett@usdoj.gov

Angelo J. Calfo, angeloc@calfoeakes.com

Marsha J. Chien, marshac@atg.wa.gov

Ann Elizabeth Egeler, annee1@atg.wa.gov

Kymberly K. Evanson, kymberly.evanson@pacificalawgroup.com

Robert W. Ferguson, judyg@atg.wa.gov

Arjun Garg, Arjun.garg@usdoj.gov

Bradley Girard, girard@au.org

Richard B. Katskee, katskee@au.org

Paul J. Lawrence, paul.lawrence@pacificalawgroup.com

Noah Guzzo Purcell, noahp@atg.wa.gov

Patricio A. Marquez, PatricioM@atg.wa.gov

Colleen M. Melody, colleenm2@atg.wa.gov

Kristin W. Silverman, kristins@calfoeakes.com

DATED: February 2, 2017

*/s/ Steve W. Berman*
Steve W. Berman, WSBA #12536

SEIU MOTION FOR LEAVE TO FILE
AMICUS CURIAE BRIEF- 5
Case No. 2:17-cv-00141-JLR
007000-18 934425 V1



1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101