The Honorable James L. Robart

NOAH G. PURCELL, WSBA #43492
Solicitor General
COLLEEN M. MELODY, WSBA #42275
Civil Rights Unit Chief
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744
ALAN I. GILBERT, Admitted *Pro Hac Vice*
Solicitor General
JACOB CAMPION, Admitted *Pro Hac Vice*
Assistant Attorney General
445 Minnesota Street, Suite 1100
St. Paul, Minnesota 55101-2128
(651) 757-1450

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON and STATE OF MINNESOTA,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; JOHN F. KELLY, in his official capacity as Secretary of the Department of Homeland Security; REX W. TILLERSON, in his official capacity as Secretary of State; and the UNITED STATES OF AMERICA,<br><br>Defendants. | CIVIL ACTION NO. 2:17-cv-00141-JLR<br><br>STATES' MEMORANDUM ON NINTH CIRCUIT ORDER CONSTRUING TEMPORARY RESTRAINING ORDER AS PRELIMINARY INJUNCTION |

## I.   INTRODUCTION

The Court ordered the parties to submit memoranda "discuss[ing] whether the Ninth Circuit has construed the court's temporary restraining order as a preliminary injunction, such that additional briefing and possible evidence on a motion for a preliminary injunction is no longer

required in the district court." Minute Order, ECF 74 at 2. Washington and Minnesota (the States) respectfully submit that the answer is yes. The Ninth Circuit's ruling treats this Court's prior order as a preliminary injunction, rendering further preliminary injunction proceedings unnecessary and allowing the parties to proceed directly to discovery.

## II.     RELEVANT PROCEDURAL HISTORY

On February 3, the Court granted the States' motion for a nationwide temporary restraining order enjoining Defendants from enforcing sections 3(c), 5(a)-(c), and 5(e) of Executive Order 13,769. ECF 52 (February 3 Order). On February 4, Defendants filed a notice of appeal and an Emergency Motion Under Circuit Rule 27-3 for Administrative Stay and Motion for Stay Pending Appeal. ECF 53; *Washington v. Trump*, No. 17-35105 (9th Cir. filed Feb. 4, 2017), ECF 14 (Ninth Circuit Docket). A Ninth Circuit motions panel denied Defendants' request for an immediate administrative stay of the February 3 Order and set a briefing schedule for the emergency motion for a stay pending appeal. *Id.*, ECF 15.

In briefing the emergency stay motion, the parties disagreed about the proper characterization and reviewability of the February 3 Order. Defendants conceded that temporary restraining orders ordinarily are not appealable, but argued that the Ninth Circuit should treat the February 3 Order as "an appealable injunctive order" and exercise jurisdiction under 28 U.S.C. § 1292(a)(1), the statute authorizing interlocutory appellate review of preliminary injunctions. Ninth Circuit Docket, ECF 14 at 8 (citing *Serv. Emps. Int'l Union v. Nat'l Union of Healthcare Workers*, 598 F.3d 1061, 1067 (9th Cir. 2010)). The States opposed that characterization, arguing that the February 3 Order was just what it purported to be: a temporary restraining order. Ninth Circuit Docket, ECF 28 at 5-6. The States urged the motions panel to allow this Court to rule on the States' anticipated motion for a preliminary injunction. Ninth Circuit Docket, ECF 28 at 5-6; *see also* Oral Argument at 30:28, 53:13, *Washington v. Trump*, No. 17-35105 (9th Cir. Feb. 7, 2017), http://www.ca9.uscourts.gov/media/view_video.php?pk_vid=0000010885 (argument by the

STATES' MEMORANDUM ON NINTH CIRCUIT
ORDER CONSTRUING TEMPORARY
RESTRAINING ORDER AS PRELIMINARY
INJUNCTION

2

Attorney General of Washington
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

States that the February 3 Order is not appealable and may only be reviewed through a writ of mandamus).

The Ninth Circuit denied Defendants' request for a stay pending appeal, leaving in place all of the injunctive provisions contained in the February 3 Order. Ninth Circuit Docket, ECF 134 at 3, 23-24 (Order Denying Stay) ("declin[ing] to modify the scope" of the February 3 Order in any respect). In doing so, however, the Ninth Circuit adopted Defendants' position that the February 3 Order "possesses the qualities of an appealable preliminary injunction." *Id.* at 7. The court issued a briefing schedule for the merits of Defendants' appeal of the February 3 Order. Ninth Circuit Docket, ECF 135 at 2; *see also* Order Denying Stay at 8 n.2 (referring to next step of Ninth Circuit proceedings as "the merits stage of this appeal").[1] The States anticipate that the Ninth Circuit will now review the February 3 Order under the familiar abuse of discretion standard applicable to preliminary injunctions. *See Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

### III.   DISCUSSION

**A.   The Ninth Circuit Construed the February 3 Order as a Preliminary Injunction**

The Ninth Circuit held that the February 3 Order "possesses the qualities of an appealable preliminary injunction." Order Denying Stay at 7. In reaching that conclusion, the Ninth Circuit relied on a line of cases outlining the limited circumstances under which an appellate court may construe a temporary restraining order as a preliminary injunction. *See id.* (citing *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 804 (9th Cir. 2002); *Serv. Emps. Int'l Union v. Nat'l Union of Healthcare Workers*, 598F.3d 1061, 1067 (9th Cir. 2010)). Under these cases, appellate jurisdiction arises under 28 U.S.C. § 1292(a)(1) if a temporary restraining order is "akin to a preliminary injunction." *Bennett*, 285 F.3d at 804; *see also Sampson v. Murray*, 415 U.S. 61, 86-

---

[1] On February 10, following a *sua sponte* request that an en banc vote be taken, Ninth Circuit Chief Judge Thomas ordered the parties to submit simultaneous briefs on whether the Order Denying Stay should be reconsidered en banc. Ninth Circuit Docket, ECF 139. The briefing order did not alter the terms of the February 3 Order.

89 & n.58 (1974) ("view[ing] the [temporary restraining] order at issue here *as* a preliminary injunction" where it had "the same practical effect as the issuance of a preliminary injunction") (emphasis added) (quoting *Pan Am. World Airways, Inc. v. Flight Eng'rs' Int'l Ass'n*, 306 F.2d 840, 843 (2d Cir. 1962).

The Ninth Circuit's decision that the February 3 Order is an appealable preliminary injunction necessarily implies that it "must be treated as a preliminary injunction" going forward. *See Sampson*, 415 U.S. at 86. Treating the order as a preliminary injunction is also consistent with the law of the case doctrine, which requires that the appellate court's ruling on a legal issue be followed in subsequent proceedings in the same case. *Herrington v. Cty. of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993); *Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982) (explaining that district courts are precluded "from reconsidering . . . issues decided explicitly or by necessary implication in [the Ninth Circuit's] previous disposition"). The alternative approach—treating the February 3 Order as a preliminary injunction for purposes of appeal, but as something else for purposes of the concurrent district court proceedings—would create the type of confusion that the law of the case doctrine is intended to prevent. *See Harrington,* 12 F.3d at 904. Accordingly, the Ninth Circuit's ruling that the temporary restraining order is a preliminary injunction applies equally in the appellate and district court.

### B. A Renewed Preliminary Injunction Motion Is Unnecessary

The States' planned preliminary injunction motion was rendered moot by the Ninth Circuit's determination that the February 3 Order "possesses the qualities" of a preliminary injunction. *See* Order Denying Stay at 7. The purpose of a preliminary injunction is to "preserve the status quo and the rights of the parties until a final judgment issues in the cause." *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). Absent an order from this Court modifying the February 3 Order, or a subsequent decision from the Ninth Circuit or Supreme Court altering it, the February 3 Order will "last[] until the completion of the trial on the merits." *See* 11A Charles Alan Wright et al.,

STATES' MEMORANDUM ON NINTH CIRCUIT
ORDER CONSTRUING TEMPORARY
RESTRAINING ORDER AS PRELIMINARY
INJUNCTION

4

Attorney General of Washington
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Federal Practice & Procedure § 2947, Westlaw (3d ed. & Suppl. Apr. 2016); *see also id.* ("A preliminary injunction remains in effect until a final judgment is rendered or the complaint is dismissed, unless it expires earlier by its own terms, or is modified, stayed, or reversed.") (footnote omitted).

The February 3 Order granted each of the specific terms of the injunction sought by the States. *See* ECF 3-1 (proposed temporary restraining order). The Order Denying Stay left the injunctive terms of the February 3 Order untouched. It would thus be unnecessary for the States to file another motion seeking the exact same relief. *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1054 (9th Cir. 2013) (en banc) (Kozinski, J., concurring) (warning that "[b]ad things can happen" to litigants who have "the nerve to vex a federal judge with a clone motion"); *F.W. Kerr Chem. Co. v. Crandall Assoc., Inc.*, 815 F.2d 426, 428-49 (6th Cir. 1987) (describing "successive motions for preliminary injunction" as "unwarranted" absent a material change to factual or legal claims).[2]

In short, because the Ninth Circuit has construed the February 3 Order to grant all the preliminary relief the States would have sought through a motion for a preliminary injunction, no additional briefing or evidence is required in the district court on the propriety of preliminary relief.

**C. The Case on the Merits Should Proceed Promptly**

The Ninth Circuit's current appellate jurisdiction is limited to the February 3 Order. *See Nat'l Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (limiting appellate jurisdiction to "the matters being appealed"). When appeal is made from an order granting preliminary injunction, the appeal "does not divest the district court of jurisdiction to proceed with the action on the merits." *G & M, Inc. v. Newbern*, 488 F.2d 742, 746 (9th Cir. 1973). "The case, except for the hearing on the appeal from the interlocutory order, is to proceed in the lower court as though no such appeal had been taken, unless otherwise specially

---

[2] Of course, the States stand ready to file their preliminary injunction motion if the Court determines that it is appropriate.

ordered." *Phelan v. Taitano*, 233 F.2d 117, 119 (9th Cir. 1956) (quoting *Ex parte Nat'l Enameling & Stamping Co.*, 201 U.S. 156, 162 (1906)).

The States favor expeditious proceedings in this Court. Proceeding directly to discovery, including a prompt Rule 26(f) conference by the parties, will not interfere with the case on appeal. To the contrary, it will allow this Court to consider the merits of the case in an efficient manner. Given the gravity of the States' constitutional allegations, Defendants' stated national security concerns, and the public interests at stake, the States respectfully submit that discovery should proceed without delay.

## IV. CONCLUSION

As detailed above, the Ninth Circuit has determined that the February 3 Order operates as a preliminary injunction. In light of that conclusion, the parties should now begin discovery so that the Court may determine the merits of the States' claims.

DATED this 13th day of February, 2017.

Respectfully submitted,

ROBERT W. FERGUSON
Attorney General
State of Washington

*/s/ Noah G. Purcell*
Noah G. Purcell, WSBA #43492
Solicitor General
Colleen M. Melody, WSBA #42275
Civil Rights Unit Chief
Anne E. Egeler, WSBA #20258
Deputy Solicitor
Marsha Chien, WSBA #47020
Patricio A. Marquez, WSBA #47693
Assistant Attorneys General
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
Noahp@atg.wa.gov

| | |
|---|---|
| 1 | LORI SWANSON |
| 2 | Attorney General<br>State of Minnesota |
| 3 | |
| | */s/ Alan I. Gilbert* |
| 4 | ALAN I. GILBERT<br>Solicitor General |
| 5 | Atty. Reg. No. 0034678 |
| 6 | |
| | JACOB CAMPION |
| 7 | Assistant Attorney General<br>Atty. Reg. No. 0391274 |
| 8 | |
| | 445 Minnesota Street, Suite 1100 |
| 9 | St. Paul, Minnesota 55101-2128 |
| | (651) 757-1450 (Voice) |
| 10 | (651) 282-5832 (Fax) |
| | al.gilbert@ag.state.mn.us |