UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al., | CASE NO. C17-0141JLR |
| Plaintiffs, | ORDER |
| v. | |
| DONALD J. TRUMP, et al., | |
| Defendants. | |

## I.      INTRODUCTION

On February 10, 2017, the court issued a minute order directing the parties to submit simultaneous memoranda concerning how this matter should proceed in the district court during the pendency of Defendants' appeal of this court's February 3, 2017, order to the Ninth Circuit Court of Appeals.  (2/10/17 Order (Dkt. # 74).)  The parties timely submitted memoranda in response to the court's February 10, 2017, minute order. (States Mem. (Dkt. # 75); Def. Mem. (Dkt. # 76).)  In addition, the court heard the

argument of counsel in a telephonic hearing on February 13, 2017.  The court now

considers this issue.

## II.    BACKGROUND

On February 3, 2017, the court entered what it considered a temporary restraining

order ("TRO") with the intention of holding a subsequent hearing and issuing a

subsequent more detailed order on Plaintiff State of Washington and State of Minnesota's

("the States") anticipated motion for a preliminary injunction.  (*See* TRO (Dkt. # 52).)

On February 4, 2017, Defendants appealed the court's TRO.  (Notice of App. (Dkt.

# 53).)

On February 6, 2017, in response to the court's TRO, the parties filed a joint status

report ("JSR") setting forth a proposed schedule for briefing on the States' motion for

preliminary injunction.  (JSR (Dkt. # 56).)  In the JSR, Defendants stated that it was their

"position that the Court lacks jurisdiction to decide Plaintiff's forthcoming motion for

preliminary injunction until the Ninth Circuit resolves Defendants' pending appeal of this

Court's February 3, 2017[,] Order."  (*Id.* at 2.)  Nevertheless, Defendants agreed that was

"appropriate for the parties to proceed with briefing on [P]laintiffs' motion for

preliminary injunction despite Defendants' pending appeal."  (*Id.*)  On February 7, 2017,

the court entered a scheduling order granting the parties' joint request regarding a

briefing schedule on Plaintiffs' motion for a preliminary injunction.  (2/7/17 Order (Dkt.

# 57).)

On February 9, 2017, the Ninth Circuit denied Defendants' emergency motion for

a stay of this court's February 3, 2017, order.  (*See* 1st 9th Cir. Order (Dkt. # 68).)  In so

1  ruling, the Ninth Circuit characterized the court's order as an order "possessing the

2  qualities of an appealable preliminary injunction." (*Id.* at 7; *see also id.* at 8 ("[W]e

3  believe that . . . the TRO should be considered to have the qualities of a reviewable

4  preliminary injunction.").) On the same day, the Ninth Circuit issued a separate order

5  setting forth a briefing schedule on the merits of Defendants' appeal of the court's

6  February 3, 2017, order. (2d 9th Cir. Order (Dkt. # 69) at 2.)

7     On February 9, 2017, the State of Washington filed a letter with the court stating

8  that, because the Ninth Circuit held that the court's TRO "possesses the qualities of an

9  appealable preliminary injunction," "the States assume the district court briefing schedule

10 is no longer applicable." (Letter (Dkt. # 70).) Accordingly, the States did not file a

11 motion for a preliminary injunction, which under the court's scheduling order was due

12 that day. (*See id.*; *see generally* Dkt.)

13    On February 10, 2017, in response to the States' letter, the court issued a minute

14 order directing the parties to file a JSR concerning how this matter should proceed in the

15 district court while Defendants' appeal of the TRO is pending. (Ord. re: Letter (Dkt.

16 # 71).) Later that day, the court revised the schedule and ordered the parties to submit

17 simultaneous memoranda on the same issue by 12:00 p.m., Pacific Standard Time, on

18 February 13, 2017. (*See* 2/10/17 Order.) The court is now in receipt of those

19 memoranda. (States Mem.; Def. Mem.) In addition, the court heard the argument of

20 counsel on that topic during a telephonic hearing on February 13, 2017.

21 //

22 //

ORDER - 3

# III.    ANALYSIS

The parties agree that no further briefing is required in this court on a motion for a preliminary injunction, and that the court's February 3, 2017, TRO is now on appeal as a preliminary injunction; however, the parties disagree about what further proceedings should take place in the district court at this time.  (*See* States Mem. at 5-6; Def. Mem. at 3.)  Defendants would like to "postpone any further proceedings in the district court" pending further direction from the Ninth Circuit.  (Def. Mem. at 3.)  The States would like to "[p]roceed directly to discovery, including a prompt Rule 26(f) conference by the parties."  (States Mem. at 6.)

Based on its interpretation of the Ninth Circuit's order, the court agrees that the Ninth Circuit has construed the TRO as a preliminary injunction and that further briefing in this court on a motion for a preliminary injunction is not warranted or appropriate while the present appeal is pending.  However, the court does not see a basis for postponing other aspects of the litigation and agrees with the States that the case should otherwise proceed.  Indeed, "it is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case."  *Plotkin v. Pac. Tel. & Tel. Co*., 688 F.2d 1291, 1293 (9th Cir. 1982).  Thus, the Ninth Circuit's jurisdiction "extends only to the 'matters inextricably bound up with the injunctive order from which the appeal is taken.'"  *Paige v. State of Cal*., 102 F.3d 1035, 1039 (9th Cir. 1996) (quoting *Self-Realization Fellowship Church v. Ananda*, 59 F.3d 902, 905 (9th Cir. 1995)).  If an issue or motion arises during the course of this litigation that is "inextricably bound up with the injunctive order from which the appeal [was]

1 taken," *see id.*, the court can address any such issue at the time it arises in accordance

2 with the case law discussed above.  In the meantime, the court directs the parties to

3 proceed with this litigation in accordance with the Federal Rules of Civil Procedure and

4 this court's Local Civil Rules.

5                              **IV.    CONCLUSION**

6          The court concludes that the Ninth Circuit has construed the court's TRO (Dkt.

7 # 52) as an appealable preliminary injunction and that further briefing or the submission

8 of evidence concerning a preliminary injunction would not be appropriate in this court

9 during the pendency of Defendants' appeal.  However, the court ORDERS the parties to

10 continue with other aspects of this litigation in accordance with the Federal Rules of Civil

11 Procedure and this court's Local Civil Rules.  If issues or motions subsequently arise that

12 either party believes are "inextricably bound up with the injunctive order," the court will

13 address those motions or issues on a case-by-case basis in accordance with the case law

14 set forth above.  Finally, the court VACATES the briefing schedule set forth in its

15 February 7, 2017, order (Dkt. # 57).

16          Dated this 14th day of February, 2017.

17

18                                              _____

19                                              JAMES L. ROBART
                                                United States District Judge
20

21

22