UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DONALD J. TRUMP, et al.,<br><br>　　　　　Defendants. | CASE NO. C17-0141JLR<br><br>ORDER DENYING JAMES J. O'HAGAN'S MOTION TO INTERVENE |

　　　　Before the court is James J. O'Hagan's filings dated February 9 and 13, 2017. (Mot. (Dkt. # 79); Mem. (Dkt. # 80).) Mr. O'Hagan is proceeding *pro se*, and the court liberally construes his filings as a motion to intervene in these proceedings and a supporting memorandum.

　　　　Under Federal Rule of Civil Procedure 24(a), in order to intervene as of right in this action, Mr. O'Hagan must establish that he has (1) "an unconditional right to intervene by a federal statute," or (2) "an interest relating to the . . . transaction that is the subject of the action . . . ." Fed. R. Civ. P. 24(a). For permissive intervention, Mr.

ORDER - 1

1  O'Hagan must show that he has (1) "a conditional right to intervene by a federal statute," or (2) "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). The burden is on the proposed intervenor to demonstrate that the conditions for intervention are satisfied. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

Mr. O'Hagan's filings are difficult, at best, to understand. (*See* Mot.; *see* Mem.) In any event, Mr. O'Hagan fails to demonstrate that the conditions for either intervention as of right or for permissive intervention are met. *See* Fed. R. Civ. P. 24(a)-(b)(1). Accordingly, the court DENIES his motion to intervene (Dkt. ## 79, 80).

Dated this 14th day of February, 2017.

JAMES L. ROBART
United States District Judge

ORDER - 2