UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al., | CASE NO. C17-0141JLR |
| Plaintiffs, | ORDER DENYING MOTIONS TO INTERVENE |
| v. | |
| DONALD TRUMP, et al., | |
| Defendants. | |

Before the court are motions to intervene by David A. Golden (Golden Mot. (Dkt. # 121)), Kareem Salessi (Salessi Mot. (Dkt. # 166)), Ann Dawson[1] (Dawson Mot. (Dkt. # 167)), and Rick Satcher (Satcher Mot. (Dkt. # 173)). The foregoing litigants are

//

//

//

---

[1] Ms. Dawson appears to file her motion on behalf of three entities that she identifies as "Muslins [sic], Jews, and Christian [sic] against Terrorism," "'We the People' Tea Party," and "Native Americans for a Unity Nation." (Dawson Mot. at 1.)

ORDER - 1

proceeding *pro se*, and the court liberally construes their filings as motions to intervene in these proceedings.[2]

Under Federal Rule of Civil Procedure 24(a), in order to intervene as of right in an action, a proposed intervenor must establish that he or she has (1) "an unconditional right to intervene by a federal statute," or (2) "an interest relating to the . . . transaction that is the subject of the action . . . ." Fed. R. Civ. P. 24(a). For permissive intervention, a proposed intervenor must show that he or she has (1) "a conditional right to intervene by a federal statute," or (2) "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). The burden is on the proposed intervenor to demonstrate that the conditions for intervention are satisfied. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

The four proposed intervenors fail to demonstrate that the conditions for either intervention as of right or for permissive intervention are met. *See* Fed. R. Civ. P. 24(a)-(b)(1). Accordingly, the court DENIES all four motions to intervene (Dkt. ## 121, 166, 167, 173). Further, the court DIRECTS the Clerk to refrain from placing any future

//
//
//
//
//

---

[2] The court liberally construes the pleadings of *pro se* litigants. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

ORDER - 2

1  filings by any of these *pro se* litigants on the court's docket for this case, unless the filing
2  is a motion for reconsideration or a notice of appeal of this order.
3      Dated this 29th day of March, 2017.

                                       JAMES L. ROBART
                                       United States District Judge

ORDER - 3