1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Honorable James L. Robart

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, *et al.*,<br><br>                        Plaintiffs,<br><br>            v.<br><br>DONALD TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; JOHN F. KELLY, in his official capacity as Secretary of the Department of Homeland Security; REX W. TILLERSON, in his official capacity as Secretary of State; and the UNITED STATES OF AMERICA,<br><br>                    Defendants. | No. 2:17-cv-00141 (JLR)<br><br><br>**DEFENDANTS' MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING RESOLUTION OF APPEAL IN *HAWAII V. TRUMP***<br><br><br>Noted For Consideration:<br>April 14, 2017 |

DEFENDANTS' MOTION TO STAY DISTRICT COURT
PROCEEDINGS PENDING RESOLUTION OF
APPEAL IN *HAWAII V. TRUMP*
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-00141 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 305-8902**

1

## TABLE OF CONTENTS

BACKGROUND ...................................................................................................... 1

I.      PRIOR PROCEEDINGS IN THIS CASE ............................................................. 1

II.     FEDERAL RULE OF CIVIL PROCEDURE 26(f) CONSULTATIONS ..................... 2

III.    RECENT DEVELOPMENTS IN *HAWAII* ........................................................ 3

STANDARD OF REVIEW ....................................................................................... 4

ARGUMENT ........................................................................................................... 5

    I.      A STAY WOULD PROMOTE JUDICIAL ECONOMY BECAUSE THE NINTH
            CIRCUIT'S DECISION IN *HAWAII* IS LIKELY TO PROVIDE GUIDANCE ON
            FORTHCOMING ISSUES IN THIS CASE ..................................................... 5

    II.     ABSENT A STAY, PLAINTIFFS' ANTICIPATED DISCOVERY WILL IMPOSE A
            HEAVY BURDEN ON DEFENDANTS AND THE COURT. .................................. 9

    III.    PLAINTIFFS WILL NOT BE HARMED BY A BRIEF STAY. ........................... 11

CONCLUSION ....................................................................................................... 12

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO STAY DISTRICT COURT
PROCEEDINGS PENDING RESOLUTION OF
APPEAL IN *HAWAII V. TRUMP* - i
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-00141 (JLR)

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 305-8902

1  Defendants hereby move the Court to stay district court proceedings in this case pending

2  resolution of Defendants' appeal of the preliminary injunction in *Hawaii v. Trump*, No. CV 17-

3  00050 (D. Haw.).  The parties' consultations under Federal Rule of Civil Procedure 26(f) have

4  revealed that Plaintiffs intend to seek sweeping and invasive discovery, to which Defendants will

5  object on numerous grounds.  As explained below, the Ninth Circuit's decision in *Hawaii* is

6  likely to provide substantial guidance to this Court and the parties in resolving (or eliminating)

7  these discovery disputes and Defendants' forthcoming motion to dismiss.  Proceeding in the

8  absence of such guidance would be inefficient, waste the resources of the Court and the parties,

9  and potentially result in inconsistent rulings that would need to be corrected in light of the Ninth

10  Circuit's decision.  Moreover, the wide-ranging discovery Plaintiffs seek will undoubtedly

11  impose a heavy burden on Defendants and the Court.  Plaintiffs, in contrast, will not be harmed

12  by a brief stay while the Ninth Circuit considers an expedited appeal in *Hawaii*, as the relevant

13  provisions of Executive Order No. 13,780 ("New Order") are currently enjoined nationwide.

14  "The high respect that is owed to the office of the Chief Executive," which the Supreme Court

15  has instructed "is a matter that should inform . . . the timing and scope of discovery," *Cheney v.*

16  *U.S. District Court for the District of Columbia*, 542 U.S. 367, 385 (2004), warrants a stay here.

## BACKGROUND

### I.    PRIOR PROCEEDINGS IN THIS CASE

Plaintiffs—the States of Washington, California, Maryland, Massachusetts, New York,

and Oregon—filed a Second Amended Complaint challenging the New Order and now-revoked

Executive Order No. 13,769 ("Revoked Order").  *See* ECF No. 152.  Plaintiffs claim both orders

violate the U.S. Constitution's Establishment, Equal Protection, and Due Process Clauses and its

DEFENDANTS' MOTION TO STAY DISTRICT COURT
PROCEEDINGS PENDING RESOLUTION OF
APPEAL IN *HAWAII V. TRUMP* - 1
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-00141 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 305-8902**

Tenth Amendment, as well as the Immigration and Nationality Act ("INA"), the Religious Freedom Restoration Act, and the Administrative Procedure Act ("APA"). *See id.* ¶¶ 194-244.

On March 15, 2017, Plaintiffs moved for a temporary restraining order ("TRO") against enforcement of Sections 2(c) and 6(a) of the New Order. *See* ECF No. 148. That same day, in another case, the District Court for the District of Hawaii entered a TRO that enjoined enforcement of Sections 2 and 6 of the New Order nationwide. *See Hawaii v. Trump*, 2017 WL 1011673, at *1 (D. Haw. Mar. 15, 2017). The following day, the District Court for the District of Maryland entered a nationwide preliminary injunction against enforcement of Section 2(c) of the New Order. *See Int'l Refugee Assistance Project v. Trump* ("*IRAP*"), 2017 WL 1018235, at *18 (D. Md. Mar. 16, 2017), *appeal docketed*, No. 17-1351 (4th Cir. Mar. 17, 2017).[1] In light of these decisions and the Court's understanding that Defendants would likely appeal them, the Court *sua sponte* stayed consideration of Plaintiffs' TRO motion. "Given the significant overlap of issues between this case and *Hawaii*," the Court reasoned that "the Ninth Circuit's rulings on [the New Order] in [*Hawaii*] will [] likely have significant relevance to—and potentially control—the court's subsequent ruling here." *Washington v. Trump*, 2017 WL 1050354, at *5 (W.D. Wash. Mar. 17, 2017). The Court further noted that this stay would permit the Court to "conserve its resources and . . . benefit from any Ninth Circuit rulings in *Hawaii*." *Id.*

## II.    FEDERAL RULE OF CIVIL PROCEDURE 26(f) CONSULTATIONS

The parties recently engaged in Rule 26(f) discussions during which Plaintiffs informed Defendants that they intend to seek wide-ranging and intrusive discovery. *See* Bennett Decl. ¶¶ 2-7 (Mar. 29, 2017) (Ex. 1, hereto). Plaintiffs anticipate serving written discovery and

---

[1] On March 24, 2017, in a third case, the district court denied a preliminary injunction motion. *See Sarsour v. Trump*, 2017 WL 1113305 (E.D. Va. Mar. 24, 2017). The court held the plaintiffs were not likely to succeed on their INA, APA, Establishment Clause, and Equal Protection Clause claims. *See id.*

DEFENDANTS' MOTION TO STAY DISTRICT COURT
PROCEEDINGS PENDING RESOLUTION OF
APPEAL IN *HAWAII V. TRUMP* - 2
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-00141 (JLR)

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 305-8902

document requests on, and taking up to 30 depositions of, various federal agencies and officials, including White House Staff and cabinet-level officers.  *See id.* ¶ 7.  According to Plaintiffs, they intend to seek discovery—including electronically stored information—regarding the factual basis, intent, design, issuance, and effects of both executive orders.  *See id.* ¶¶ 5-6.  Plaintiffs indicated a desire to probe the motivations for issuing the executive orders; the consultative process leading to their issuance; email communications among Defendants and third parties; drafts of the executive orders and related documents; communications about implementation of the orders; and databases with information on potentially affected aliens and visa applications. *See id.*  Plaintiffs believe the relevant time period for discoverable information is June 16, 2015—the date Donald Trump declared his presidential candidacy—to the present.  *See id.* ¶ 8.  Plaintiffs also indicated they may retain experts to opine on national security issues and prior presidents' use of authority under 8 U.S.C. § 1182(f).  *See id.* ¶ 9.  Recognizing the extensive scope of the discovery they contemplate and the certainty that many discovery disputes will arise, Plaintiffs anticipate discovery will take nearly a year to complete—until March 16, 2018.  *See id.* ¶ 10.

For reasons discussed below (among others), Defendants do not believe any discovery is appropriate in this case—much less the sweeping and intrusive discovery Plaintiffs desire. Defendants, therefore, anticipate many discovery disputes if this case moves forward now.[2]

### III.   RECENT DEVELOPMENTS IN *HAWAII*

The district court in *Hawaii* converted its TRO into a preliminary injunction on March 29, 2017.  *See Hawaii*, No. CV 17-00050, ECF No. 270.  The preliminary injunction prevents

---

[2] The parties' Joint Status Report and Discovery Plan is not due until April 5, 2017.  *See* ECF No. 107.  The parties continue to work together on that filing, but Defendants do not believe they could wait until April 5 to file this motion.  Plaintiffs could begin serving discovery at any time, *see* Fed. R. Civ. P. 26(d)(1), and Defendants' response to the complaint, which Defendants also seek to stay via this motion, is currently due on April 3.

DEFENDANTS' MOTION TO STAY DISTRICT COURT
PROCEEDINGS PENDING RESOLUTION OF
APPEAL IN *HAWAII V. TRUMP* - 3
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-00141 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 305-8902**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants from enforcing Sections 2 and 6 of the New Order nationwide.  *See id.*  Defendants appealed that decision to the Ninth Circuit on March 30, 2017, *see id.*, ECF No. 271, and intend to seek expedited review.

## STANDARD OF REVIEW

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  That power applies "especially in cases of extraordinary public moment," when "a plaintiff may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted."  *Id.* at 707.

The Ninth Circuit has described various factors that should be considered when evaluating a motion to stay:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  As to the last factor, courts frequently grant stays when resolution of another action may "bear upon the case," because a stay is most "efficient for [the court's] own docket and the fairest course for the parties[.]"  *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).  Where such a stay is considered, the court need not find that the two cases possess identical issues or that resolution of one will control the other; a finding that the cases present substantially similar issues is sufficient.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Leyva*, 593 F.2d at 864.

DEFENDANTS' MOTION TO STAY DISTRICT COURT
PROCEEDINGS PENDING RESOLUTION OF
APPEAL IN *HAWAII V. TRUMP* - 4
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-00141 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 305-8902**

## ARGUMENT

Consideration of these factors warrants a stay of district court proceedings in this case pending resolution of the *Hawaii* appeal.

## I.    A STAY WOULD PROMOTE JUDICIAL ECONOMY BECAUSE THE NINTH CIRCUIT'S DECISION IN *HAWAII* IS LIKELY TO PROVIDE GUIDANCE ON FORTHCOMING ISSUES IN THIS CASE.

District courts routinely stay proceedings where resolution of an appeal in another matter may provide guidance to the district court in deciding issues before it.  *See Landis*, 299 U.S. at 254; *see, e.g.*, *Fed. Home Loan Mortg. Corp. v. Kama*, 2016 WL 922780, at *8-*9 (D. Haw. Mar. 9, 2016) (granting stay where Ninth Circuit's resolution of related cases "w[ould] likely involve an analysis of" issues that would "provid[e] further guidance" to the district court); *Unitek Solvent Servs., Inc. v. Chrysler Grp. LLC*, 2014 WL 12576648, at *4 (D. Haw. Jan. 14, 2014) (same).  This approach not only "preserve[s] resources for both the parties and the Court," *id.*, but also "reduce[s] the risk of inconsistent rulings that the appellate court[] might then need to disentangle," *Washington*, 2017 WL 1050354, at *5.  "Considerable . . . resources may be wasted if the appellate court's controlling decision changes the applicable law or the relevant landscape of facts that need to be developed" in the case before the district court.  *Id.*  Indeed, in the prior round of litigation related to the Revoked Order—when this Court had entered a nationwide injunction, Defendants appealed, and then sought a stay of proceedings in the *Hawaii* case—the *Hawaii* court granted that stay, recognizing that staying proceedings "pending the outcome of appellate proceedings would facilitate the orderly course of justice." *Hawaii v. Trump*, 2017 WL 536826, at *4 (D. Haw. Feb. 9, 2017).

This Court also recently recognized the value of a stay pending appeal when it *sua sponte* stayed consideration of Plaintiffs' TRO motion.  *Washington*, 2017 WL 1050354, at *5. "Because many of the legal arguments Plaintiffs raise[d] in their TRO motion [were] likely to be

DEFENDANTS' MOTION TO STAY DISTRICT COURT
PROCEEDINGS PENDING RESOLUTION OF
APPEAL IN *HAWAII V. TRUMP* - 5
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-00141 (JLR)

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 305-8902

before the Ninth Circuit in *Hawaii*," the Court determined that "it would waste judicial resources to decide these issues . . . when guidance from the Ninth Circuit is likely to be available soon." *Id*. The Court thus concluded that "[t]he more efficient course" was to "wait for a decision from the Ninth Circuit . . . , which may resolve the primary issues." *Id*. The Court could then "resolve any remaining issues in this case with the benefit of the Ninth Circuit's analysis." *Id*.

Although the stay entered by the Court was limited to Plaintiffs' TRO motion, the same reasoning supports staying all district court proceedings in this case, including any discovery and Defendants' upcoming deadline to respond to the complaint. As with Plaintiffs' TRO motion, the Ninth Circuit's resolution of the *Hawaii* appeal is likely to have "significant relevance to— and potentially control"—this Court's analysis of forthcoming issues in this case. *Id*.

With respect to discovery, the parties' Rule 26(f) discussions revealed that there are likely to be numerous disputes regarding the type of evidence (if any) that is relevant to Plaintiffs' claims. The Ninth Circuit's decision in *Hawaii* is likely to provide important guidance to the Court in resolving these disputes. For example, Plaintiffs anticipate seeking internal government records regarding the intent, design, issuance, and effects of the executive orders. Defendants do not believe these records are relevant to Plaintiffs' claims because, under the applicable law, Defendants need only demonstrate a "facially legitimate and bona fide reason" for the Executive's exclusion of aliens. *Kleindienst v. Mandel*, 408 U.S. 753, 770 (1972); *see Fiallo v. Bell*, 430 U.S. 787, 792-96 (1977). Moreover, even if a court could look beyond the four corners of the New Order, any review would be limited to "openly available data" that is accessible to an "objective observer," like the law's text or obvious effects, the policy it replaced, official public statements of the law's purpose, or "comparable official act[s];" consideration of internal government documents like those sought by Plaintiffs is not permitted. *McCreary Cty. v. ACLU*,

DEFENDANTS' MOTION TO STAY DISTRICT COURT
PROCEEDINGS PENDING RESOLUTION OF
APPEAL IN *HAWAII V. TRUMP* - 6
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-00141 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 305-8902**

545 U.S. 844, 862-63 (2005).  The Ninth Circuit is likely to examine these issues in the *Hawaii*

appeal, because Defendants raised similar arguments in opposing preliminary injunctive relief in

that case.  The Ninth Circuit's decision, therefore, will likely provide guidance for the parties and

the Court in briefing and deciding forthcoming disputes about the scope and nature of any

relevant discovery.  *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) ("[T]he

prospect of narrowing the factual and legal issues" counsels in favor of granting a stay.); *Fed.

Home Loan*, 2016 WL 922780, at *9 (granting stay, including of discovery, where appeal of

related cases would "help to clarify the issues and questions of law going forward").

 In addition, the Ninth Circuit's decision is likely to provide assistance in resolving

forthcoming disputes about the appropriate time frame for any discovery.  Plaintiffs anticipate

seeking records dating back to when Donald Trump declared his presidential candidacy.  But,

even assuming *arguendo* that some discovery is appropriate, Defendants do not think materials

from before President Trump took office are relevant.  *See, e.g.*, *McCreary*, 545 U.S. at 862-63;

*Phelps v. Hamilton*, 59 F.3d 1058, 1068 (10th Cir. 1995); *see also* Amended Order, *Washington

v. Trump*, No. 17-35105, slip op. at 5-7 (9th Cir. Mar. 17, 2017), ECF No. 191-4 (Kozinski, J.,

dissenting from denial of rehearing en banc) (using campaign and other unofficial statements

made outside the process of "crafting an official policy" to establish "unconstitutional motives"

is improper, unprecedented, "unworkable," and would produce "absurd result[s]").  Defendants

raised this argument in preliminary injunction briefing in *Hawaii*, and thus, the Ninth Circuit's

decision may address—and provide insight into resolution of—this dispute as well.

 Furthermore, resolution of the *Hawaii* appeal will likely prove helpful in addressing

forthcoming privilege disputes and determining the appropriateness of experts.  Defendants

believe much of the information Plaintiffs seek—including communications with President

DEFENDANTS' MOTION TO STAY DISTRICT COURT
PROCEEDINGS PENDING RESOLUTION OF
APPEAL IN *HAWAII V. TRUMP* - 7
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-00141 (JLR)

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 305-8902

Trump, drafts of the executive orders and other related documents, and information revealing the consultative process that led to the issuance of the executive orders—is protected by various privileges.  In the parties' Rule 26(f) consultations, however, Plaintiffs stated that they believe some of these privileges can be overcome because Plaintiffs have a sufficient need for the information.  *See, e.g.*, *FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (explaining that the deliberative process privilege is a qualified privilege that may be overcome if a plaintiff's need for the information outweighs the Government's interest in non-disclosure). The Ninth Circuit's decision in *Hawaii* is likely to impact these privilege issues by clarifying, among other things, what type of evidence is relevant to Plaintiffs' claims.  *See id*. (noting that, in considering whether the deliberative process privilege is overcome, courts consider such factors as "the relevance of the evidence" and "the availability of other evidence").  Moreover, if the Ninth Circuit determines (contrary to Defendants' arguments) that the *Hawaii* plaintiffs are likely to succeed based solely on the publicly-available information on which they have relied to date, then Plaintiffs here will have no need for privileged information—much less a need that overcomes the Government's interests.  The Ninth Circuit also is likely to address Defendants' argument that courts cannot second-guess the President's national-security judgment under 8 U.S.C. §§ 1182(f) and 1185(a), which may obviate any dispute over whether Plaintiffs' contemplated experts are necessary or appropriate.

The Ninth Circuit's guidance will prove useful in other aspects of this case as well.  If the case is not stayed, Defendants would move for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[3]  In doing so, Defendants would raise, *inter alia*, the same arguments they would have made in opposition to Plaintiffs' TRO motion had the Court not

---

[3] Concurrently with this motion, Defendants are filing a motion to extend their April 3, 2017 deadline to respond to the Second Amended Complaint until ten days after the Court rules on the instant stay motion.

stayed consideration of that motion.  For the same reasons that the Court determined the Ninth Circuit's decision in *Hawaii* would be helpful in resolving Plaintiffs' TRO motion, the Ninth Circuit's decision will also be useful to the Court in resolving Defendants' motion to dismiss.

In contrast to the benefits to be obtained by awaiting resolution of the *Hawaii* appeal, failure to do so could result in "inconsistent rulings" that will need to be "disentangle[d]." *Washington*, 2017 WL 1050354, at *5.  For example, if the Court determined that discovery of internal government materials is relevant to Plaintiffs' claims, but the Ninth Circuit subsequently held that only a facially legitimate and bona fide reason is required, the parties would have wasted resources on irrelevant discovery.  Relatedly, if the Court determined that some internal government records are relevant but others are not, and the Ninth Circuit's subsequent decision conflicts with the line the Court drew, the Court would need to reconcile its past decisions.  In short, the Ninth Circuit's decision could change "the applicable law or the relevant landscape of facts that need to be developed" in such a way that this Court's intervening rulings will be nullified or will need to be made anew.  *Id.*; *see Canal Props. LLC v. Alliant Tax Credit V, Inc.*, 2005 WL 1562807, at *3 (N.D. Cal. June 29, 2005).  A stay, therefore, is most "efficient for [the court's] own docket and the fairest course for the parties[.]"  *Leyva*, 593 F.2d at 863.

## II.   ABSENT A STAY, PLAINTIFFS' ANTICIPATED DISCOVERY WILL IMPOSE A HEAVY BURDEN ON DEFENDANTS AND THE COURT.

In addition to "simplifying" the "issues, proof, and questions of law" that will likely arise as this case proceeds, a stay also will eliminate "the hardship [and] inequity" Defendants would otherwise suffer "in being required to go forward" without guidance from the Ninth Circuit. *CMAX*, 300 F.2d at 268.  And a stay will reduce this Court's burden as well.

The sheer volume of discovery that Plaintiffs anticipate is extraordinary given the nature of this case—*i.e.*, a challenge to the President's authority to exclude aliens.  The Supreme Court

DEFENDANTS' MOTION TO STAY DISTRICT COURT
PROCEEDINGS PENDING RESOLUTION OF
APPEAL IN *HAWAII V. TRUMP* - 9
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-00141 (JLR)

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 305-8902

1    has instructed that "the Executive's constitutional responsibilities and status are factors

2    counseling judicial deference and restraint in the conduct of litigation against it." *Cheney*, 542

3    U.S. at 385.  Plaintiffs, however, want the Court to take the exact opposite approach.  As

4    explained above, Plaintiffs contemplate seeking broad and intrusive discovery from the highest

5    levels of government regarding all aspects of the underlying factual basis, intent, design,

6    issuance, and effects of the New Order and the Revoked Order.  Plaintiffs expect their discovery

7    to take nearly a year to complete and to involve written discovery, document requests, and up to

8
9    30 depositions of government officials, including White House Staff and cabinet-level officers.

10       If Plaintiffs are permitted to pursue discovery before the Ninth Circuit resolves the

11   *Hawaii* appeal, it will impose an enormous burden on Defendants.  Worse still, that burden may

12   prove entirely unnecessary.  Defendants intend to oppose discovery on many grounds, which will

13   require briefing by the parties and decisions by the Court on, among other things, the scope of

14
15   discovery (if any), the applicability of various privileges, and the appropriateness of depositions

16   of high-level officers.  *See, e.g.*, *United States v. Morgan*, 313 U.S. 409, 421-22 (1941); *Kyle*

17   *Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979) ("Heads of government agencies are not

18
19   normally subject to deposition.").  Such resource intensive litigation should not proceed in the

20   absence of guidance from the Ninth Circuit that is likely to inform these discovery issues.

21       The Supreme Court has made clear that "[t]he high respect that is owed to the office of

22   the Chief Executive is a matter that should inform the conduct of the entire proceeding, including

23
24   the timing and scope of discovery."  *Cheney*, 542 U.S. at 385.  In the context of this case, that

25   "high respect" warrants a stay that will protect Defendants from the burden of resource intensive

26   discovery while the Ninth Circuit addresses issues that may inform the appropriateness, scope,

27   and necessity of that discovery.  *Id.*; *see, e.g.*, *Rajput v. Synchrony Bank*, 2016 WL 6433134, at

28

DEFENDANTS' MOTION TO STAY DISTRICT COURT
PROCEEDINGS PENDING RESOLUTION OF
APPEAL IN *HAWAII V. TRUMP* - 10
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-00141 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 305-8902**

*5, *7 (M.D. Pa. Oct. 31, 2016) (granting stay where appellate ruling likely would impact "the scope of the issues and discovery needed in th[e] case"); *Bd. of Trustees v. Blue Cross & Blue Shield of Michigan*, 2013 WL 5913986, at *2 (E.D. Mich. Nov. 4, 2013) (refusing to lift stay where decision in related appeal could render discovery unnecessary); *cf. Curwen v. Dynan*, 2012 WL 1237643, at *2 (W.D. Wash. Apr. 12, 2012) (staying discovery where "anticipated cost and burden of the discovery process" was high and it was possible, although "by no means certain," that discovery could be avoided through mediation).

### III. PLAINTIFFS WILL NOT BE HARMED BY A BRIEF STAY.

In contrast to the huge (and potentially wasteful) drain on resources that will result if this case proceeds before the *Hawaii* appeal is resolved, Plaintiffs will not suffer any harm from a stay. The relevant provisions of the New Order are currently enjoined nationwide. For that reason, this Court already determined that Plaintiffs would suffer only "minimal," "if . . . any," harm from a stay of their TRO motion. *Washington*, 2017 WL 1050354, at *4.

In addition, Defendants intend to seek expedited review of the *Hawaii* preliminary injunction in the Ninth Circuit. Any stay, therefore, will be of limited duration.[4] Particularly given the one-year time frame Plaintiffs have proposed for discovery, a brief delay to clarify the legal landscape will not harm Plaintiffs. *See Washington*, 2017 WL 1050354, at *4 (relying on "speed with which the Ninth Circuit proceeded in the previous appeal in this case" to support stay); *Unitek Solvent*, 2014 WL 12576648, at *3 (concluding delay was "reasonable" where appeal was "expedited in accordance with Ninth Circuit rules relating to preliminary injunction appeals"). Once the *Hawaii* appeal is resolved, Plaintiffs can seek any necessary and appropriate

---

[4] At Defendants' urging, the Fourth Circuit set an expedited briefing schedule in *IRAP* under which briefing will be completed on April 21, 2017, with oral argument set for May 8, 2017. *See IRAP v. Trump*, No. 17-1351 (4th Cir. Mar. 23, 2017), ECF No. 25.

DEFENDANTS' MOTION TO STAY DISTRICT COURT
PROCEEDINGS PENDING RESOLUTION OF
APPEAL IN *HAWAII V. TRUMP* - 11
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-00141 (JLR)

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 305-8902

discovery, guided by the Ninth Circuit's ruling.  Under these circumstances, Plaintiffs cannot plausibly claim they will suffer harm from a stay.  And, even if Plaintiffs could conceive of some harm, it would not outweigh the harm to Defendants from denying a stay—particularly in light of the significant separation-of-powers concerns raised by Plaintiffs' anticipated discovery.

Defendants recognize that this Court previously declined to enter a stay pending appeal of the Court's preliminary injunction against enforcement of the Revoked Order.  *See* ECF No. 78.  But Defendants believe the circumstances of the case have changed substantially so as to now warrant a stay.  First, when the Court reached its earlier decision, neither Defendants nor the Court knew the nature or scope of Plaintiffs' anticipated discovery.  Now that it is apparent that Plaintiffs intend to seek expansive discovery, there is a greater need for a stay to conserve the resources of the Court and the parties.  Second, this Court recently recognized the benefits of a stay in conjunction with Plaintiffs' TRO motion.  Defendants believe the same reasoning supports a broader stay while the parties await guidance from the Ninth Circuit that may impact discovery issues.  Finally, the Court has determined that the New Order is "significant[ly] differen[t]" than the Revoked Order that was at issue when the Court previously declined to enter a stay.  *Washington*, 2017 WL 1050354, at *5.  Because of those differences, the Court recognized that the Ninth Circuit's preliminary ruling as to the Revoked Order "does not preordain how the Ninth Circuit will rule in [*Hawaii*] with respect to [the New Order]."  *Id*.  Accordingly, there are benefits to awaiting the Ninth Circuit's views regarding the New Order.

## **CONCLUSION**

For these reasons, the Court should grant Defendants' motion to stay district court proceedings pending resolution of the appeal in *Hawaii v. Trump.*

DEFENDANTS' MOTION TO STAY DISTRICT COURT
PROCEEDINGS PENDING RESOLUTION OF
APPEAL IN *HAWAII V. TRUMP* - 12
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-00141 (JLR)

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 305-8902

1    DATED: March 30, 2017                Respectfully submitted,

2                                         CHAD A. READLER
                                          Acting Assistant Attorney General
3

4                                         JENNIFER D. RICKETTS
                                          Director, Federal Programs Branch
5

6                                         JOHN R. TYLER
                                          Assistant Director, Federal Programs Branch
7
                                          _/s/ Michelle R. Bennett_____
8                                         MICHELLE R. BENNETT
                                          DANIEL SCHWEI
9                                         ARJUN GARG
                                          BRAD P. ROSENBERG
10                                        Trial Attorneys
                                          U.S. Department of Justice
11                                        Civil Division, Federal Programs Branch
                                          20 Massachusetts Avenue, NW
12                                        Washington, DC 20530
                                          Tel: (202) 305-8902
13                                        Fax: (202) 616-8470
                                          Email: michelle.bennett@usdoj.gov
14                                                 arjun.garg@usdoj.gov
15

16                                        *Attorneys for Defendants*

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO STAY DISTRICT COURT
PROCEEDINGS PENDING RESOLUTION OF
APPEAL IN *HAWAII V. TRUMP* - 13
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-00141 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 305-8902**

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2017, I electronically filed the foregoing Motion to Stay District Court Proceedings Pending Resolution of Appeal in *Hawaii v. Trump*.

/s/ *Michelle R. Bennett*
MICHELLE R. BENNETT

DEFENDANTS' MOTION TO STAY DISTRICT COURT
PROCEEDINGS PENDING RESOLUTION OF
APPEAL IN *HAWAII V. TRUMP*
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-00141 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 305-8902**