1    The Honorable James L. Robart

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**
            **WESTERN DISTRICT OF WASHINGTON**
9

10   STATE OF WASHINGTON; STATE          CIVIL ACTION NO. 2:17-cv-00141-JLR
     OF CALIFORNIA; STATE OF
     MARYLAND; COMMONWEALTH
11   OF MASSACHUSETTS; STATE OF
     NEW YORK; and STATE OF
12   OREGON,                             **JOINT STATUS REPORT &**
                                         **DISCOVERY PLAN**
13                    Plaintiffs,

14        v.

15   DONALD TRUMP, in his official
     capacity as President of the United
16   States; U.S. DEPARTMENT OF
     HOMELAND SECURITY; JOHN F.
17   KELLY, in his official capacity as
     Secretary of the Department of
18   Homeland Security; REX W.
     TILLERSON, in his official capacity
19   as Secretary of State; and the UNITED
     STATES OF AMERICA,
20
                      Defendants.
21

22        Plaintiffs, State of Washington ("Washington"), State of California ("California"), State

23   of Maryland ("Maryland"), Commonwealth of Massachusetts ("Massachusetts"), State of New

24   York ("New York"), and State of Oregon ("Oregon") (collectively, the "States"), and

25   Defendants, Donald Trump, in his official capacity as President of the United States; the U.S.

26   Department of Homeland Security; John F. Kelly, in his official capacity as Secretary of

Homeland Security; Rex W. Tillerson, in his official capacity as Secretary of State; and the United States of America, by and through their undersigned counsel, respectfully submit this Joint Status Report and Discovery Plan.

### 1. Nature and Complexity of the Case

Plaintiffs:  The States bring this action for declaratory and injunctive relief against Defendants, arising from Executive Order 13769, issued on January 27, 2017 ("First Executive Order"), and Executive Order 13780, issued on March 6, 2017 ("Second Executive Order").

The First Executive Order, which was implemented immediately after being signed, implemented several changes to policies governing admission to the United States by noncitizens, including (1) suspending entry into the United States for ninety (90) days by all immigrants and nonimmigrants from seven countries: Iran, Iraq, Libya, Somalia, Sudan, Syria, and Yemen, (2) suspending the U.S. Refugee Admissions Program ("USRAP") for one hundred twenty (120) days, (3) ordering that, upon resumption of the suspended USRAP, the refugee claims of religious minorities be prioritized, and (4) indefinitely suspending entry into the United States by Syrian refugees. The States allege wide-reaching and serious harms resulted from the First Executive Order: families were separated, long-time residents and visa holders were stranded and prevented from traveling, state universities lost students and faculty and saw others forced to cancel important travel plans, states began losing tax revenue, and businesses braced for significant impacts to their operations and recruitment.

Washington and the State of Minnesota,[1] brought suit to challenge the First Executive Order and requested a temporary restraining order. The Court granted the requested injunctive relief on February 3, 2017. Defendants appealed and requested an emergency stay of the temporary restraining order, pending appeal, from the Ninth Circuit Court of Appeals. The appellate Court denied the request for a stay, and in doing so, construed the temporary restraining order as a preliminary injunction.

---

[1] The State of Minnesota is no longer a party to this action.

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

On March 6, 2017, the President issued the Second Executive Order. The Second Executive Order (1) suspends entry into the United States for ninety (90) days by nationals from six countries (Iran, Libya, Somalia, Sudan, Syria, and Yemen), this time excluding Iraq, legal permanent residents, and visa holders, and (2) suspends the USRAP for one hundred twenty (120) days, except as to those individuals already scheduled for travel. The Second Executive Order was set to take effect on March 16, 2017, but the above-mentioned provisions have been enjoined by federal district courts in Hawaii and/or Maryland.

The Court granted leave for the States to file a Second Amended Complaint on March 15, 2017. The Second Amended Complaint includes allegations related to the Second Executive Order and alleges violations of (1) the equal protection guarantee of the Fifth Amendment; (2) the Establishment Clause of the First Amendment; (3) the due process guarantee of the Fifth Amendment; (4) the Immigration and Nationality Act; (5) the Religious Freedom Restoration Act, (6) procedural provisions of the Administrative Procedure Act, (7) substantive provisions of the Administrative Procedure Act; (8) the Tenth Amendment reservation of unenumerated powers to the States.

A substantial portion of the evidence regarding the underlying factual basis, intent, design, issuance, and effects of the Executive Order resides with Defendants and may also reside with third party witnesses located outside the Western District of Washington. Defendants may raise executive privileges which could result in complexity due to meet-and-confer discussions and discovery motions. Additionally, the States will likely need to issue, serve, and possibly enforce third party subpoenas around the country. All of these elements contribute to the complexity of the case.

<u>Defendants:</u>  Consistent with the Executive's broad constitutional authority over foreign affairs and national security, Section 1182(f) of Title 8 expressly authorizes the President to suspend entry of any class of aliens when in the national interest.  Section 1185(a) also authorizes the President to proscribe "reasonable rules, regulations, and orders" governing entry of aliens,

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  "subject to such limitations and exceptions as [he] may prescribe."  The President lawfully

2  exercised this broad authority in the Second Executive Order.  The Second Executive Order is

3  neutral with respect to religion, and Plaintiffs cannot demonstrate that it infringes any of the

4  constitutional or statutory provisions on which they rely.  Furthermore, Plaintiffs' claims are not

5  justiciable because the States lack standing to sue on their own behalf or on behalf of their

6  residents.  Plaintiffs' challenge to the First Executive Order is moot, as that order has been

7  revoked.

8  　　　　As explained more fully below, Defendants do not believe any discovery is appropriate

9  in this case—much less the sweeping and intrusive discovery Plaintiffs seek.  Defendants

10  anticipate that there will be numerous discovery disputes if this case moves forward now, which

11  will contribute to the complexity of the case.  Defendants believe the Ninth Circuit's resolution

12  of Defendants' appeal of the preliminary injunction entered in *Hawaii v. Trump*, No. CV 17-

13  00050 (D. Haw.), is likely to provide substantial guidance to this Court and the parties in

14  resolving (or eliminating) these forthcoming discovery disputes.  Accordingly, Defendants have

15  moved the Court to stay proceedings in this case pending resolution of the *Hawaii* appeal.

16  　　　　**2.   Proposed Deadline for the Joining of Additional Parties**

17  　　　　<u>Plaintiffs:</u>  Plaintiffs propose that the deadline for joining additional parties shall be

18  August 31, 2017. This reasonable period of time will allow the States to complete their

19  assessment and determination whether to seek to add potential additional parties.

20  　　　　<u>Defendants:</u>  As noted above, Defendants have moved to stay proceedings in this case

21  pending resolution of the appeal in *Hawaii*.  Defendants do not believe the Court should establish

22  any deadlines, including a deadline for joining additional parties, until after any stay is lifted, as

23  resolution of the *Hawaii* appeal will likely inform what deadlines are appropriate.  If the Court

24  decides to establish deadlines at this time, Defendants believe thirty (30) days is sufficient for

25  joining any additional parties.

26  　　　　**3.   Consent to Assignment of Case to a Full Time United States Magistrate Judge**

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

No.

### 4. <u>Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)(3)</u>

**(A)** **<u>Initial Disclosures:</u>**    The parties exchanged their initial disclosures pursuant to FRCP 26(a)(1)(a) on March 29, 2017, per the Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (ECF 87) and the March 1, 2017, Minute Entry extending those deadlines (ECF 107).

**(B)** <u>Subjects, Timing, and Potential Phasing of Discovery:</u>

<u>Plaintiffs:</u>  The States may need discovery regarding the underlying factual basis, intent, design, issuance, and effects of the First and Second Executive Orders, including, but not limited to, the motivations for issuing the Executive Orders; the factual basis for issuing the Executive Orders; their design; the steps and process leading to their issuance; the persons, agencies, and/or departments involved and/or consulted prior to their issuance; their implementation; communications to air, land, and sea ports of entry into the United States, U.S. Customs and Border Protection agents and other component sub-agencies of the U.S. Department of Homeland Security, United States consular offices abroad, and others concerning the implementation of the Executive Orders; and the immigrants, nonimmigrants, and visas affected by the Executive Orders, including by visa revocation, detention, and/or removal or deportation.

The States do not believe discovery should be conducted in phases or be limited to or focused on particular issues.

The States believe discovery should be completed by March 16, 2018.

<u>Defendants:</u>  Defendants believe that discovery and trial are inappropriate in this case, which involves the Executive's discretionary national security and immigration authority.  The Supreme Court has made clear in the immigration context that courts may not "look behind the exercise of [Executive] discretion" taken "on the basis of a facially legitimate and bona fide reason." *Kleindienst v. Mandel*, 408 U.S. 753, 770 (1972); *see Fiallo v. Bell*, 430 U.S. 787, 796 (1977).  As those cases recognize, discovery and trial would thrust courts into the untenable

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

position of probing the Executive's judgments on foreign affairs and national security.  And it would invite impermissible intrusion on Executive Branch deliberations, which are constitutionally "privilege[d]" against such inquiry, *United States v. Nixon*, 418 U.S. 683, 708 (1974), as well as litigant-driven discovery that would disrupt the President's ongoing execution of the laws.  Searching for governmental purpose outside official pronouncements and the operative terms of governmental action is fraught with practical "pitfalls" and "hazards" that courts should avoid.  *Palmer v. Thompson*, 403 U.S. 217, 224 (1971).

Defendants do not anticipate that discovery from Plaintiffs will be necessary, but Defendants reserve the right to propound discovery if it becomes necessary in light of Plaintiffs' discovery requests and/or this Court's rulings.

Defendants do not believe the Court should establish any deadlines, including a deadline for discovery, until after any stay is lifted, as resolution of the *Hawaii* appeal will likely inform what deadlines are appropriate.  If the Court decides to establish deadlines at this time, and the Court further determines that discovery is appropriate (notwithstanding Defendants' arguments to the contrary), Defendants believe discovery can be completed in six (6) months.

**(C) Electronically Stored Information:**

Plaintiffs:  The States anticipate that information of the underlying factual basis, intent, design, issuance, and implementation of the Executive Orders may be contained in email communications among Defendants and third parties, before and after President Trump took office, and that drafts of, and other documents related to, the Executive Orders were created electronically. The States further anticipate that information regarding the effects of the Executive Orders, including visa revocations, detention, and or removal or deportation of immigrants and nonimmigrants, may be documented and/or evidenced in databases or other electronic records created and maintained by the U.S. Department of State and U.S. Department of Homeland Security, and its component sub-agencies. The States request Defendants'

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  assistance in identifying additional sources of electronically stored information that may contain

2  relevant information.

3       All such electronically stored information should be preserved during the pendency of

4  litigation. The States further request that Defendants take steps to ensure the preservation of

5  relevant electronically stored information by third parties who were involved in and/or consulted

6  regarding the design of the Executive Orders, before and after President Trump took office.

7       Defendants:  As explained above, Defendants do not believe that discovery is appropriate

8  in this case, including discovery of electronically stored information.  If the Court determines

9  that discovery is appropriate, Defendants believe the relevant time period is no earlier than

10  January 20, 2017 (the date Donald Trump took office) to the present.

11       Defendants also do not believe they have an obligation to ensure that third parties

12  preserve information that is outside of the possession, custody, or control of Defendants—

13  including electronically stored information.  Relatedly, Defendants are not required to ensure

14  that an individual preserves information that was created or obtained by the individual at a time

15  when he/she was not an employee or official of the Federal Government, or his/her information

16  was not within the control of Defendants, even if the individual subsequently became a Federal

17  Government employee or official.  A party's preservation obligations are limited to records in

18  the party's possession, custody, or control.  "Control" is defined as "the legal right to obtain

19  documents on demand," *United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*,

20  870 F.2d 1450, 1452 (9th Cir. 1989); a purported practical ability to obtain records, or to ensure

21  the preservation of records, is not sufficient, *In re Citric Acid Litig.*, 191 F.3d 1090, 1107-08

22  (9th Cir. 1999).  *See, e.g.*, *Quest Integrity USA, LLC v. A.Hak Indus. Servs. US, LLC*, No. C14-

23  1971RAJ, 2016 WL 4533062, at *4 (W.D. Wash. Mar. 23, 2016).

24       **(D) Privilege Issues:**

25       Plaintiffs:  The States believe they will be able to make a sufficient showing of need to

26  overcome any qualified privilege asserted by Defendants. Should Defendants seek discovery

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

from the States, the States may assert any applicable privileges, including attorney client privilege, the common interest in litigation privilege, and the work product doctrine.

<u>Defendants:</u>  As explained above, Defendants do not believe that discovery is appropriate in this case.  If the Court determines that discovery is appropriate, Defendants believe much of the information Plaintiffs seek is protected by various privileges, including, but not limited to, the Presidential communications privilege, the deliberative process privilege, the law enforcement privilege, the attorney client privilege, and the work product doctrine.

**(E) <u>Proposed Limitations on Discovery</u>:**

<u>Plaintiffs:</u>  The States propose that the parties be permitted to take up to thirty (30) depositions per side. Each deposition shall be limited to one (1) day of eight (8) hours.

<u>Defendants:</u>  As explained above, Defendants do not believe that discovery is appropriate in this case.  If the Court determines that discovery is appropriate, at the very least, the limitations on discovery imposed by the Federal Rules of Civil Procedure should apply.  In particular, Defendants do not believe either side should be permitted to take more than ten (10) depositions, of seven (7) hours each, including any Federal Rule of Civil Procedure 30(b)(6) depositions. *See* Fed. R. Civ. P. 30(a)(2), 30(d).  Defendants also believe further limitations on discovery (beyond those in the Federal Rules of Civil Procedure) may be appropriate.  Resolution of the appeal in *Hawaii* may provide guidance on the appropriateness of such limitations.

**(F) <u>Need for Any Discovery Related Orders</u>:**

The States request that the Court enter the following orders pursuant to Federal Rules of Civil Procedure 16(b)(3)(B)(vii) and 26(c).  Defendants do not believe any discovery related orders are necessary or appropriate at this time.  If Plaintiffs believe a discovery related order is necessary, they should file a motion seeking specific relief so that the parties can provide the Court will full briefing on the issue.  Defendants' position with respect to each order proposed by Plaintiffs is set forth below.

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1.   <u>Preservation of Evidence</u>. <u>Plaintiffs:</u>  Defendants shall take steps to ensure the preservation of relevant documents and information by themselves, their agents, and third parties who were involved in and/or consulted regarding the design of the Executive Orders, before and after President Trump took office. <u>Defendants:</u>  The parties are aware of their obligation to preserve information in their possession, custody, or control that may be relevant to the claims and defenses in this case; thus, an order is unnecessary.  In addition, if the Court determines that discovery is appropriate, Defendants believe the relevant time period is no earlier than January 20, 2017 (the date Donald Trump took office) to the present.  Finally, as explained above, Defendants do not believe they have an obligation to ensure that third parties preserve information that may be relevant to the case.

2.   <u>Number and Length of Depositions</u>. <u>Plaintiffs:</u>   Plaintiffs and Defendants shall be permitted to take up to 30 depositions per side. Each deposition shall be limited to one (1) day of eight (8) hours. <u>Defendants:</u>  As explained above, if the Court determines that discovery is appropriate, at the very least, the limitations on discovery imposed by the Federal Rules of Civil Procedure should apply.  In other words, neither side should be permitted to take more than ten (10) depositions, of seven (7) hours each, including any Federal Rule of Civil Procedure 30(b)(6) depositions. *See* Fed. R. Civ. P. 30(a)(2), 30(d).

3.   *Touhy* <u>Procedures Not Required</u>. <u>Plaintiffs:</u>  The States do not believe they are required to request discovery, in advance, from any federal entity under *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), its implementing regulations, and interpretive caselaw, as *Touhy* does not apply when the United States is a party to the litigation. *See, e.g., Exxon Shipping co. v. U.S.*

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

*Dept. of Interior*, 34 F.3d 774, 779, n.4, 5 (9th Cir. 1994) (government took the position that *Touhy* allows agency heads to prohibit their employees from testifying in litigation "in which the United States is not a party," and Court noted  that "[w]hen the government is named as a party to an action, it is placed in the same position as a private litigant, and the rules of discovery in the Federal Rules of Civil Procedure apply") (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1958); *Mosseller v. United States*, 158 F.2d 380 (2d Cir. 1946)); *Alexander v. F.B.I.*, 186 F.R.D. 66, 70 (D.C. Cir. 1998) ("The Supreme Court's holding in Touhy is applicable only in cases where the United States is not a party to the original legal proceeding. . . . *Touhy* simply holds that a subordinate government official will not be compelled to testify or to produce documents in private litigation, in which the federal government or any of its agencies is not a party in cases where a departmental regulation prohibits disclosure in the absence of consent by the head of the department. In cases originating in federal court in which the federal government is a party to the underlying litigation, the Touhy problem simply does not arise.").

Defendants:  As Defendants explained to Plaintiffs during the parties' Rule 26(f) consultations, *Touhy* procedures are not required when requesting discovery from the specifically-named Defendants.  If Plaintiffs seek information from other federal government agencies or their officials, then the question of whether Plaintiffs must utilize the agency's *Touhy* procedures will be determined by what that agency's *Touhy* regulations say.  Defendants believe the most efficient approach to address this issue is for Defendants to inform Plaintiffs if any information they seek in a specific discovery request

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1   must be pursued through the *Touhy* process at the same time that Defendants

2   assert other objections to a specific discovery request.

3       4.   <u>Cooperation re: Service of Subpoenas on Defendants, White House Staff, and</u>

4   <u>Witnesses with Federal Security Detail</u>. <u>Plaintiffs:</u>  To the extent the States

5   seek to serve subpoenas on Defendants, White House Staff, or witnesses with

6   a federal security detail, Defendants shall cooperate in the States' efforts to

7   effectuate service of any such subpoenas, subject to any objections or

8   defenses to compliance with any said subpoenas.

9   <u>Defendants:</u>  The Department of Justice cannot accept service of subpoenas

10   on behalf of any person without that person's consent.   Therefore, as

11   Defendants explained to Plaintiffs during the parties' Rule 26(f)

12   consultations, if Plaintiffs want assistance serving a specific subpoena, they

13   should make an inquiry with the Department of Justice, which can then

14   determine whether the person to be subpoenaed will or will not allow the

15   Department to accept service on their behalf.   (When serving discovery

16   requests on specifically-named Defendants, those Defendants can be served

17   through Department of Justice counsel.)

18       In addition, Defendants oppose the deposition of any high-ranking

19   government officials.   It is well-established that, absent extraordinary

20   circumstances, high-ranking government officials should not be subjected to

21   depositions.  *See, e.g.*, *United States v. Morgan*, 313 U.S. 409, 422 (1941);

22   *Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979) ("Heads of

23   government agencies are not normally subject to deposition."); *In re FDIC*,

24   58 F.3d 1055, 1060 (5th Cir. 1995) (granting writ of mandamus to prevent

25   deposition of high-level government official); *In re U.S.*, 985 F.2d 510, 513

26

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    (11th Cir. 1993) (same); *Simplex Time Recorder Co. v. Sec'y of Labor*, 766

2    F.2d 575, 586 (D.C. Cir. 1985).

3    Defendants further note that Plaintiffs cannot satisfy the "exacting

4    standards of '(1) relevancy; (2) admissibility; [and] (3) specificity" that are

5    required before obtaining discovery of the White House.  *Cheney v. U.S.*

6    *District Court for the District of Columbia*, 542 U.S. 367, 386 (2004).

7    5.   Protective Order.   Plaintiffs:  To the extent Defendants seek information

8    regarding individual students, employees or residents that may be protected

9    by FERPA, HIPPA, or which concerns immigration status, the States intend

10   to seek a protective order by stipulation or motion.

11   Defendants:  As explained above, Defendants do not anticipate the need to

12   seek discovery, but if they do, they will work with Plaintiffs to try to reach

13   agreement on an appropriate protective order.

14   6.   Pretrial Deadlines. Plaintiffs:   The States propose the following pretrial

15   deadlines:

16   Deadline for joining additional parties:                    August 31, 2017

17   Deadline for amending pleadings:                            September 29, 2017

18   Disclosure of expert testimony under FRCP 26(a)(2):  January 31, 2018

19   Discovery completed by:                                     March 16, 2018

20   All motions related to discovery must be filed by:   March 30, 2018

21   All motions related to discovery must be noted for

22      consideration/hearing by:                               April 20, 2018

23   All dispositive motions must be filed by:            May 31, 2018

24   Settlement conference held no later than:            N/A

25   All motions in limine must be filed by:              July 30, 2018

26   Agreed pretrial order due:                                  August 20, 2018

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Pretrial conference to be held at 2:00PM on:          August 27, 2018

Trial briefs, proposed findings of fact and conclusions

    of law, and designations of deposition testimony

    pursuant to LCR 32(e) by:          September 4, 2018

Bench trial date:          September 10, 2018

<u>Defendants</u>:  As noted above, Defendants have moved to stay proceedings in this case pending resolution of the appeal in *Hawaii*.  Defendants do not believe the Court should establish any pretrial deadlines until after any stay is lifted, as resolution of the *Hawaii* appeal will likely inform what deadlines are appropriate.  If the Court decides to establish deadlines at this time, Defendants believe the parties should have thirty (30) days to join additional parties and/or amend their pleadings; discovery should be completed in six (6) months; and all dispositive motions should be filed sufficiently in advance of any trial date to obtain a ruling before trial.  Defendants do not believe expert testimony is necessary or appropriate.

**5.**   **<u>The Parties' Views, Proposals, and Agreements (Local Civil Rule 26(f)(1))</u>**

    **(A)<u>Prompt Case Resolution</u>:**    The nature of the States challenge to the First and Second Executive Orders – that they are unconstitutional, in violation of federal statutes, and are the product of unlawful intent – makes the case unamenable to settlement or other informal resolution.

    **(B) <u>Alternative Dispute Resolution</u>:**    The parties do not plan to engage in ADR. The nature of the States challenge to the First and Second Executive Orders makes the case unamenable to settlement or other informal resolution.

    **(C)<u>Related Cases</u>:**    <u>Plaintiffs</u>: There are no related cases pending before this Court or in another jurisdiction as defined by LCR 3(f), (g), and (h). While other legal challenges

1  to the First and Second Executive Orders have been filed in this and other federal courts, none
2  of those actions presently involve "all" or "substantially the same parties." *See* LCR 3(f), (g).

3      <u>Defendants:</u> Defendants agree that there are no related cases pending before this Court
4  or in another jurisdiction as defined by LCR 3(g) or (h), because no other cases involve "all" or
5  "substantially the same parties."  Defendants note that the plaintiffs in *Doe v. Trump*, Case No.
6  2:17-cv-00178 (W.D. Wash), which is pending before this Court, have designated that case as a
7  related case on the Civil Cover Sheet pursuant to LCR 3(f).

8      To the parties' knowledge, and pursuant to LCR 26(f)(1)(C), other pending actions
9  challenging the First and/or Second Executive Orders include:

10      *Ali v. Trump*, Case No. 2:17-cv-00135 (W.D. Wash.);
11      *Doe v. Trump*, Case No. 2:17-cv-00178 (W.D. Wash);
12      *Wagafe v. Trump*, Case No. 2:17-cv-00094 (W.D. Wash);
13      *Asgari v. Trump*, Case No. 17-10182 (D. Mass.);
14      *Darweesh v. Trump*, Case No. 1:17-cv-00480 (E.D.N.Y.);
15      *Aziz v. Trump*, Case No. 1:17-cv-00116 (E.D. Va.);
16      *Sarsour v. Trump*, Case No. 1:17-cv-00120 (E.D. Va.);
17      *Vayeghan v. Kelly*, Case No. 2:17-cv-00702 (C.D. Cal.);
18      *Mohammed v. United States*, Case No. 2:17-cv-00786 (C.D. Cal.);
19      *Arab American Civil Rights League v. Trump*, Case No. 2:17-cv-10310 (E.D. Mich.);
20      *Al-Mowafak v. Trump*, Case No. 3:17-cv-00557 (N.D. Cal.);
21      *Unite Oregon v. Trump*, Case No. 3:17-cv-00179 (D. Or.);
22      *Hagig v. Trump*, Case No. 1:17-cv-00289 (D. Colo.);
23      *Abou Asali v. U.S. Department of Homeland Security*, Case No. 5:17-cv-00447 (E.D.
24  Penn.);
25      *Doe, John v. Trump*, Case No. 3:17-cv-00112 (W.D. Wisc.);
26      *State of Hawaii v. Trump*, Case No. 1:17-cv-00050 (D. Haw.);

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    *Pars Equality Center v. Trump*, Case No. 1:17-cv-00255 (D.D.C.);

2    *Int'l Refugee Assist. Project v. Trump*, Case No. 8:17-cv-00361 (D. Md.);

3    *Tawfeeq v. U.S. Department of Homeland Security*, Case No. 1:17-cv-00353 (N.D.

4    Ga.);

5    *Universal Muslim Association of America v. Trump*, Case No. 1:17-cv-00537

6    (D.D.C.);

7    *Huff v. Trump*, Case No. 17-cv-02081 (N.D. Ill.);

8    *Keeble v. Trump*, No. 17-cv-00127 (S.D. Ohio); and

9    *People of the United States v. Trump*, No. 17-cv-00457 (N.D. Cal.).

10   **(D) Discovery Management:**

11   **(i)      Forgoing or Limiting Depositions or Exchanging Documents**

12   **Informally:**    The parties are amenable to exchanging documents (if any)

13   informally in connection with their initial disclosures. Furthermore, the

14   parties have consented to electronic service pursuant to Federal Rule of

15   Civil Procedure 5(b)(2)(E) to streamline service of pleadings and papers

16   in the litigation.

17   **(ii)     Agreeing to Share Discovery From Third Parties and Cost:**      The

18   parties shall bear their own costs with respect to third party discovery.

19   **(iii)    Scheduling Discovery or Case Management Conferences:**      The

20   parties are amenable to scheduling discovery or case management

21   conferences with Judge Robart, as necessary.

22   **(iv)     Requesting Assistance of Magistrate Judge for Settlement**

23   **Conferences:** The parties do not presently anticipate participating in a

24   Settlement Conference. The nature of the States challenge to the

25   Executive Orders makes the case unamenable to settlement or other

26   informal resolution.

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

  **(v)**   **Requesting to Use an Abbreviated Pretrial Order:**   The parties do not believe an abbreviated pretrial order is necessary.

  **(vi)**   **Requesting Other Orders Court Should Enter Under LCR 16(b) and (c):**   The parties do not request any orders under LCR 16(b) or (c) apart from those discussed at Paragraph 4(F) above.

**(E)** **Anticipated Discovery Sought:**   See Paragraph 4(B) above.

**(F)** **Phasing Motions:**   The parties anticipate filing motions for summary judgment/adjudication. The parties do not request that those motions be phased.

**(G)** **Preservation of Discoverable Information:**   The parties are aware of their duty to take reasonable and proportional steps to preserve potentially relevant information relating to the claims and defenses in this case. *See* Fed. R. Civ. P. 26(b)(1).

**(H)** **Privilege Issues:**   See Paragraph 4(D) above.

**(I)** **Model Protocol for Discovery of ESI:**

  **(i)**   **Nature, Location, and Scope of Discoverable ESI:**

    <u>Plaintiffs:</u> The States anticipate that information of the underlying factual basis, intent, design, issuance, and implementation of the First and Second Executive Orders may be contained in email communications among Defendants and third parties, before and after President Trump took office, and that drafts of, and other documents related to, the First and Second Executive Orders were created electronically. The States further anticipate that information of the effects of the First and Second Executive Orders, including visa revocations, detention, and or removal or deportation of immigrants and nonimmigrants, may be documented and/or evidenced in databases or other electronic records created and maintained by Defendants, including the U.S. Department of State and

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

U.S. Department of Homeland Security, and its component sub-agencies. The States request Defendants' assistance in identifying additional sources of electronically stored information that may contain relevant information.

The States do not have information regarding the scope of discoverable ESI. However, the States believe the relevant time period is June 16, 2015, (the date Donald Trump declared his presidential candidacy) to the present.

Defendants: As explained above, Defendants do not believe that discovery is appropriate in this case, including discovery of electronically stored information.  If the Court determines that discovery is appropriate, Defendants believe the relevant time period is no earlier than January 20, 2017 (the date Donald Trump took office) to the present.

**(ii)** **Whether Parties Agree to Adopt Model ESI Agreement:**        The parties do not wish to adopt the Model ESI Agreement, but the parties are working together to try to reach an alternative agreement.

**(J)** **Alternatives to Model Protocol:**

**(i)** **Nature, Location, and Scope of ESI to be Preserved by Parties:**

Plaintiffs:  The States anticipate that information of the underlying factual basis, intent, design, issuance, and implementation of the First and Second Executive Orders may be contained in email communications among Defendants and third parties, before and after President Trump took office, and that drafts of, and other documents related to, the First and Second Executive Orders were created electronically. The States further anticipate that information of the effects of the First and Second Executive Orders, including visa revocations, detention, and or removal or

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

deportation of immigrants and nonimmigrants, may be documented and/or evidenced in databases or other electronic records created and maintained by Defendants, including the U.S. Department of State and U.S. Department of Homeland Security, and its component sub-agencies. The States request Defendants' assistance in identifying additional sources of electronically stored information that may contain relevant information.

The States do not have information regarding the scope of discoverable ESI. However, the States believe the relevant time period is June 16, 2015, (the date Donald Trump declared his presidential candidacy) to the present.

Defendants: As explained above, Defendants do not believe that discovery is appropriate in this case, including discovery of electronically stored information.  If the Court determines that discovery is appropriate, Defendants believe the relevant time period is no earlier than January 20, 2017 (the date Donald Trump took office) to the present.

**(ii)** **Formats for Production of ESI (TIFF with companion text file, native, or some other reasonably usable format):** The     parties     are working together to try to reach an agreement on these issues.

**(iii)** **Methodologies for Identifying Relevant and Discoverable ESI for Production:**

**(a) Methods for Identifying Initial Subset of ESI Sources Most Likely to Contain Relevant & Discoverable Information, Methodologies for Culling Relevant & Discoverable ESI from Initial Subset:**

The parties are working together to try to reach an agreement on these issues.

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1        **(b) <u>Identifying Custodians & Non-Custodial Data Sources, Including</u>**

2            **<u>Third Party Data Sources, Most Likely to Have Discoverable</u>**

3            **<u>Info</u>:**    The parties are working together to try to reach an

4            agreement on these issues.

5        **(c) <u>Plans to Filter Data Based on File Type, Date Ranges, Sender,</u>**

6            **<u>Receiver, Custodian, Search Terms, or Other Similar</u>**

7            **<u>Parameters</u>:**    The parties are working together to try to reach an

8            agreement on these issues.

9        **(d) <u>Use of Any Computer- or Technology-Assisted Review, Including</u>**

10           **<u>Plans to Use Keyword Searching, Mathematical or Thesaurus</u>**

11           **<u>Based Topic or Concept Clustering, or Other Advanced Culling</u>**

12           **<u>Technologies</u>:**    The parties are working together to try to reach an

13           agreement on these issues.

14     **(iv)**   **<u>Whether ESI Stored in a Database or Database Management System</u>**

15          **<u>Can be Identified and Produced by Querying Database for</u>**

16          **<u>Discoverable Information, Resulting in a Report or Reasonably</u>**

17          **<u>Usable and Exportable Electronic File for Review by Requesting</u>**

18          **<u>Counsel / Party</u>:**    The parties are working together to try to reach an

19          agreement on these issues.

20   **6.**    **<u>Date by Which Discovery Can be Completed:</u>**

21  <u>Plaintiffs:</u>  The States believe that discovery can be completed by March 16, 2018.

22  <u>Defendants:</u>  As noted above, Defendants have moved to stay proceedings in this case

23  pending resolution of the appeal in *Hawaii*.  Defendants do not believe the Court should

24  establish any deadlines, including a deadline for the completion of discovery, until after

25  any stay is lifted, as resolution of the *Hawaii* appeal will likely inform what deadlines

26  are appropriate.  If the Court decides to establish deadlines at this time, and the Court

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1 further determines that discovery is appropriate (notwithstanding Defendants' arguments

2 to the contrary), Defendants believe any discovery can be completed in six (6) months.

3 **7.** **Bifurcation:**  The parties do not believe any trial of the issues should be

4 bifurcated.

5 **8.** **Dispensing with Pretrial Statements and Pretrial Order Called for by Local**

6 **Civil Rules 16(e), (h), (i), and (k), and 16.1 (in whole or in part):**  The parties wish to

7 proceed with any necessary pretrial statements and pretrial order as contemplated by LCR 16(e),

8 (h), (i), and (k), and 16.1.

9 **9.** **Intent to Utilize Individualized Trial Program (Local Civil Rule 39.2) or any**

10 **ADR Options (Local Civil Rule 39.1):**  The parties do not intend to utilize the

11 Individualized Trial Program. For the reasons mentioned above, the parties do not intend to

12 participate in ADR.

13 **10.** **Suggestions for Shortening or Simplifying the Case:**  None at this time.

14 **11.** **Date Case Will be Ready for Trial:**

15 <u>Plaintiffs:</u>  The case will be ready for trial by September 10, 2018.

16 <u>Defendants:</u>  As noted above, Defendants have moved to stay proceedings in this case pending

17 resolution of the appeal in *Hawaii*.  Defendants do not believe the Court should establish any

18 deadlines, including a trial date, until after any stay is lifted, as resolution of the *Hawaii* appeal

19 will likely inform what deadlines are appropriate.

20 In addition, as explained above, Defendants do not believe a trial is appropriate in this

21 case.  Instead, Defendants anticipate that the case can be resolved on a motion to dismiss or

22 motion for summary judgment.

23 **12.** **Jury or Non-Jury Trial:**  Any trial will be a non-jury trial.

24 **13.** **Number of Trial Days Required:**

25 <u>Plaintiffs:</u>  The States anticipate 14 trial days.

26

JOINT STATUS REPORT & DISCOVERY PLAN          20

<u>Defendants:</u>  Defendants anticipate that this case can be resolved on a motion to dismiss or motion for summary judgment, and thus, trial will be unnecessary.  If the Court determines that a trial is necessary and appropriate, the number of trial days required will depend on the type of evidence the Court determines is relevant.  Resolution of the *Hawaii* appeal will likely inform this issue.

**14.      Names, Addresses, and Telephone Numbers of All Trial Counsel:**

Washington's lead trial counsel is Colleen Melody, Assistant Attorney General, Washington State Attorney General's Office, 800 Fifth Avenue, Suite 2000, Seattle, WA 98104, (206) 464-5342.

California's lead trial counsel is Alexandra Robert Gordon, Deputy Attorney General, California Attorney General's Office, 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, (415) 703-5509.

Maryland's lead trial counsel is Steven M. Sullivan, Solicitor General, Maryland Attorney General's Office, 200 St. Paul Place, 20th Floor, Baltimore, Maryland 21202, (410) 576-6325.

Massachusetts' lead trial counsel is Genevieve Nadeau, Chief, Civil Rights Division, Massachusetts Attorney General's Office, One Ashburton Place, Boston, MA 02108, (617) 727-2200.

New York's lead trial counsel is Lourdes M. Rosado, Bureau Chief, Civil Rights Bureau, New York Attorney General's Office, 120 Broadway, New York, New York 10271, (212) 416-8252.

Oregon's lead trial counsel is Scott J. Kaplan, Senior Assistant Attorney General, Trial Division, Oregon Department of Justice, 100 Market Street, Portland, OR  97201, (971) 673-1880.

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Defendants' lead trial counsel is Michelle R. Bennett, Trial Attorney, U.S. Department of Justice, Civil Division, Federal Programs Branch, 20 Massachusetts Avenue, NW, Washington, D.C. 20530, (202) 305-8902.

**15.    Dates on Which Trial Counsel May Have Complications to be Considered in Setting Trial Date:**    The parties' lead trial counsel are available for any trial when scheduled.

**16.    Status of Service of Defendants:**    All defendants have been served.

**17.    Whether Parties Wish a Scheduling Conference Before Court Enters a Scheduling Order:**    The parties request a scheduling conference.

**18.    Dates(s) Each Nongovernmental Corporate Party Filed Disclosure Statement Pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1:**    Not applicable.

DATED this 5th day of April, 2017.

Respectfully submitted,

BOB FERGUSON, WSBA #26004
Attorney General of Washington

/s/ Colleen M. Melody
NOAH G. PURCELL, WSBA #43492
Solicitor General
COLLEEN M. MELODY, WSBA #42275
Civil Rights Unit Chief
ANNE E. EGELER, WSBA #20258
Deputy Solicitor General
MARSHA CHIEN, WSBA #47020
PATRICIO A. MARQUEZ, WSBA #47693
Assistant Attorneys General
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
Noahp@atg.wa.gov
ColleenM1@atg.wa.gov

XAVIER BECERRA
Attorney General of California
Angela Sierra

CHAD A. READLER
Acting Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

JOHN R. TYLER
Assistant Director, Federal Programs Branch

/s/ Michelle R. Bennett
MICHELLE R. BENNETT
DANIEL SCHWEI
ARJUN GARG
BRAD P. ROSENBERG
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530

Senior Assistant Attorney General
Douglas J. Woods
Senior Assistant Attorney General
Tamar Pachter
Supervising Deputy Attorney General

  _/s/ Alexandra Robert Gordon_____
Alexandra Robert Gordon
Deputy Attorney General
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
Telephone: (415) 703-5509
Email:  Alexandra.RobertGordon@doj.ca.gov


BRIAN E. FROSH
Attorney General of Maryland

  _/s/ Steven M. Sullivan_____
STEVEN M. SULLIVAN
Solicitor General
Federal Bar No. 24930
ROBERT A. SCOTT
Assistant Attorney General
Federal Bar No. 24613
MEGHAN K. CASEY
Assistant Attorney General
Federal Bar No. 28958
Office of the Attorney General of Maryland
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
Telephone: (410) 576-6325
Fax: (410) 576-6955
ssullivan@oag.state.md.us
rscott@oag.state.md.us
mcasey@oag.state.md.us


MAURA HEALEY
Attorney General of Massachusetts

  _/s/ Genevieve C. Nadeau_____
ELIZABETH N. DEWAR
     _State Solicitor_
GENEVIEVE C. NADEAU
     _Chief, Civil Rights Division_
JESSE M. BOODOO
     _Assistant Attorney General_
One Ashburton Place
Boston, MA 02108
617-727-2200

Tel: (202) 305-8902
Fax: (202) 616-8470
Email: michelle.bennett@usdoj.gov
arjun.garg@usdoj.gov

_Attorneys for Defendants_

Bessie.Dewar@state.ma.us
Genevieve.Nadeau@state.ma.us
Jesse.Boodoo@state.ma.us

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York

 /s/ Lourdes M. Rosado
LOURDES M. ROSADO
Bureau Chief, Civil Rights Bureau
SANIA W. KHAN
Assistant Attorney General
Office of the New York State Attorney
General
120 Broadway
New York, New York 10271
(212) 416-8252
lourdes.rosado@ag.ny.gov

ELLEN F. ROSENBLUM
Attorney General of Oregon

 /s/ Scott J. Kaplan
SCOTT J. KAPLAN, WSBA #49377
Senior Assistant Attorney General
Oregon Department of Justice
100 Market Street
Portland, OR  97201
971-673-1880
scott.kaplan@doj.state.or.us

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

**CERTIFICATE OF SERVICE**

     I hereby certify that on April 5, 2017, I electronically filed the foregoing Joint Status Report & Discovery Plan using the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.

                               Dated:      April 5, 2017

                                          */s/Colleen Melody*

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744