UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al., <br><br> Plaintiffs, <br> v. <br><br> DONALD J. TRUMP, et al., <br><br> Defendants. | CASE NO. C17-0141JLR <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO FILE A RESPONSE TO THE SECOND AMENDED COMPLAINT |

## I. INTRODUCTION

Before the court is Defendants' motion for an extension of time (MFE (Dkt. # 176)) to file a response to Plaintiffs' second amended complaint (SAC (Dkt. # 152)). Defendants request this extension until ten (10) days after the court resolves Defendants' motion to stay these proceedings entirely pending resolution of the appeal in *Hawaii v. Trump*, No. 17-15589 (9th Cir.), or alternatively, until April 17, 2017, which is a date to which Plaintiffs have agreed. (*See* MFE at 1, 3; *see also* MTS (Dkt. # 175).) The court has considered the motion, Plaintiffs' response (Resp. (Dkt. # 178)), Defendants' reply

(Reply (Dkt. # 179)), the relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS in part and DENIES in part the motion as described below.

## II.     BACKGROUND & ANALYSIS

In addition to the present motion for an extension of time to respond to the second amended complaint, Defendants seek a stay of the entire proceedings pending the Ninth Circuit's resolution in *Hawaii v. Trump*. (*See* MTS.) However, that motion is not noted for the court's consideration until April 14, 2017. (*Id.* at 1.) Thus, on March 30, 2017, Defendants also filed the present motion for an extension of the deadline to respond to the second amended complaint, which was due on April 3, 2017. (MFE at 1.) Defendants assert that the Ninth Circuit's ruling in *Hawaii v. Trump* is likely to provide substantial guidance to the court and parties in resolving the issues in this case. (*Id.* at 1-2.) Defendants also represent that their response to the second amended complaint "will likely be a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)" rather than an answer. (*Id.* at 2.) Finally, Defendants seek the extension of time because their counsel has spent "significant time briefing preliminary motions in other cases challenging Executive Order No. 13,780." (*Id.*)

The United States Department of Justice ("the DOJ") refers to itself as "the world's largest law office, employing more than 10,000 attorneys nationwide." United

---

[1] Defendants requested a Local Civil Rule 7(i) telephone conference with the court. *See* Local Rules W.D. Wash. LCR 7(i). The court concludes that oral argument would not aid in its resolution of this motion. *See id.* LCR 7(b)(4). Accordingly, the court denies Defendants' request and issues this written order instead.

States Department of Justice, Office of Attorney Recruitment, https://www.justice.gov/oarm (last visited Apr. 12, 2017).  Given the resources this court has devoted lately to cases challenging Executive Order No. 13,780, the court is confident that the DOJ could enlist one of its more than 10,000 attorneys to draft a response to Plaintiffs' second amended complaint.

Nevertheless, the court agrees that there is a strong possibility that the Ninth Circuit's decision in *Hawaii v. Trump* will inform the parties' positions and the court's decisions in this case.  Defendants represent that their response to the second amended complaint is likely to be a motion to dismiss, and Defendants' motion to stay this entire proceeding will be ready for the court's consideration on April 14, 2017.  Accordingly, the court grants Defendants an extension of time to respond to the second amended complaint until seven (7) days after the court's disposition of Defendants' motion to stay.[2]  Plaintiffs have already agreed that Defendants may have an extension until April 17, 2017, and granting Defendants an extension until one week after the court's disposition of their motion to stay will cause only minimal additional delay.

### III.    CONCLUSION

Based on the foregoing analysis, the court GRANTS in part and DENIES in part Defendants' motion for an extension of time to respond to Plaintiffs' second amended

---

[2] Defendants ask for an extension until 10 days after the court's disposition of Defendants' motion to stay the proceedings.  (MFE at 1.)  However, Defendants are presumably already working on their response and can utilize work product from one or more of the other cases challenging Executive Order No. 13,780.  Thus, the court concludes that seven (7) days following its order on Defendants' motion to stay is sufficient.

complaint (Dkt. # 176). Defendants response to the second amended complaint is now due seven (7) days after the court's disposition of Defendants' pending motion to stay the entire case.

Dated this 13th day of April, 2017.

*[signature: James L. Robart]*

JAMES L. ROBART
United States District Judge