The Honorable James L. Robart

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; JOHN F. KELLY, in his official capacity as Secretary of the Department of Homeland Security; REX W. TILLERSON, in his official capacity as Secretary of State; and the UNITED STATES OF AMERICA, <br><br> Defendants. | No. 2:17-cv-00141 (JLR) <br><br> **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING RESOLUTION OF APPEAL IN *HAWAII V. TRUMP*** <br><br> Noted For Consideration: <br> April 14, 2017 |

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING RESOLUTION OF APPEAL IN *HAWAII V. TRUMP*
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-00141 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 305-8902**

The district court in *Hawaii v. Trump* recently stayed all proceedings pending final disposition of the government's appeal of the preliminary injunction entered in that case. *See* No. CV 17-00050, ECF No. 279 (D. Haw. Apr. 3, 2017). This Court should do the same, as a stay is most "efficient for [the Court's] own docket and the fairest course for the parties[.]" *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). Defendants demonstrated in their opening brief that resolution of the *Hawaii* appeal is likely to have "significant relevance to—and potentially control"—the Court's analysis of forthcoming issues in this case. *Wash. v. Trump*, 2017 WL 1050354, at *5 (W.D. Wash. Mar. 17, 2017). Plaintiffs' efforts to diminish the relevance of *Hawaii* serve only to highlight why further guidance from the Ninth Circuit is necessary before this case proceeds.

Plaintiffs contend that "the Ninth Circuit has already resolved . . . against Defendants" the issue of whether internal government documents regarding the intent, design, issuance, and effects of the executive orders are relevant to Plaintiffs' claims. Opp'n at 7, ECF No. 180. But this assertion just begs the question, because this exact issue is now before the Ninth Circuit in *Hawaii*. In the *Hawaii* appeal, Defendants argue that the district court (like Plaintiffs here) "misread [the Ninth Circuit's] stay ruling in *Washington*." Br. of Appellants, No. 17-5589, ECF No. 23 at 18 (9th Cir. Apr. 7, 2017). The Ninth Circuit "held only that [*Kleindienst v. Mandel*, 408 U.S. 753 (1972)] does not render [Executive decisions to deny entry to aliens] unreviewable;" *Mandel* thus still "supplies the substantive standard for evaluating a challenge by a U.S. citizen who claims his own constitutional rights are violated by the exercise of Congress's or the Executive's authority to deny entry to aliens outside the United States." *Id.* at 18, 35. Plaintiffs obviously disagree about the applicability of *Mandel*, but the important point for purposes of this stay motion is that resolution of the *Hawaii* appeal is likely to provide

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY
DISTRICT COURT PROCEEDINGS PENDING RESOLUTION
OF APPEAL IN *HAWAII V. TRUMP* - 1
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-00141 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 305-8902**

significant guidance on this issue.  Indeed, as this Court has recognized, the New Executive Order is "significant[ly] differen[t]" than the Revoked Executive Order, such that the Ninth Circuit's preliminary ruling as to the Revoked Order "does not preordain how the Ninth Circuit will rule in [*Hawaii*] with respect to [the New Order]."  *Wash.*, 2017 WL 1050354, at *5.[1]

Furthermore, even if the Ninth Circuit were to determine in *Hawaii* that, notwithstanding *Mandel*, courts may look beyond the four corners of the New Order, resolution of the *Hawaii* appeal is likely to provide guidance regarding the scope of any such review.  As explained in Defendants' opening brief, the Ninth Circuit will likely address whether review is limited to openly available data that is accessible to an objective observer or instead extends to internal government documents, as well as whether statements or records that predate President Trump's assumption of office are relevant.  Plaintiffs point out that the *Hawaii* appeal will not require the Ninth Circuit to "resolve . . . discovery objections."  Opp'n at 1.  That, of course, oversimplifies the issue.  The Ninth Circuit will not adjudicate discovery issues, but it will decide legal questions that are likely to impact this Court's resolution of forthcoming discovery disputes by clarifying "the applicable law or the relevant landscape of facts that need to be developed."  *Wash.*, 2017 WL 1050354, at *5.  And, contrary to Plaintiffs' assertion, *see* Opp'n at 9, these legal questions have been teed up in the *Hawaii* appeal, *see, e.g.*, Br. of Appellants at 45-53 (arguing statements made before President Trump assumed office are not relevant); *id*. at 47 (describing discovery sought in this case and urging Ninth Circuit to "reject a rule that [would] invite[] such probing"); *id*. at 47-49 (contending courts' analysis must be based on

---

[1] Plaintiffs also maintain that the Ninth Circuit's stay ruling in *Washington* establishes that "evidence of purpose beyond the face of the [executive orders] may be considered in evaluating Establishment and Equal Protection Clause claims."  Opp'n at 8, 11.  But far from "holding" anything as to those claims, *id*. at 1, the Ninth Circuit explicitly "reserve[d] consideration" of them, *Wash. v. Trump*, 847 F.3d 1151, 1168 (9th Cir. 2017).

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY
DISTRICT COURT PROCEEDINGS PENDING RESOLUTION
OF APPEAL IN *HAWAII V. TRUMP* - 2
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-00141 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 305-8902**

official acts and openly available data); *id*. at 37-38 (arguing courts cannot second-guess the President's national security judgments, which would render experts unnecessary here).

Plaintiffs also contend that resolution of the *Hawaii* appeal will be of limited relevance because Plaintiffs raise "seven other claims" in addition to the Establishment Clause claim raised in the *Hawaii* appeal. Opp'n at 10. This assertion, however, ignores the fact that Defendants contend the *Mandel* standard applies to all of Plaintiffs' constitutional claims. *See, e.g.*, *Mandel*, 408 U.S. at 760 (First Amendment right to "hear[] and meet[]" with alien"); *Fiallo v. Bell*, 430 U.S. 787, 791 (1977) (applying *Mandel* to claims that statute discriminated based of sex and illegitimacy in violation of the Equal Protection and Due Process Clauses); *Rajah v. Mukasey*, 544 F.3d 427, 438 (2d Cir. 2008) (applying *Mandel* to equal protection claim alleging discrimination based on "religion, ethnicity, gender, and race"). Thus, resolution of the *Hawaii* appeal could "narrow the merits issues this Court will eventually have to resolve" on other claims, Opp'n at 9, in addition to affecting the scope of discovery.

Plaintiffs' argument also overlooks the fact that the *Hawaii* appeal challenges the State's standing to sue. Plaintiffs note that, in *Washington*, the Ninth Circuit determined that Plaintiffs had made a sufficient showing of standing to challenge the Revoked Order at a preliminary stage. Opp'n at 9. But that decision hinged on the Revoked Order's application to identified aliens with substantial connections to the United States. *See Wash.*, 847 F.3d at 1159-60. The New Order is narrower in scope. Thus, in the *Hawaii* appeal, Defendants have argued that Hawaii lacks Article III and prudential standing because, respectively, it cannot identify aliens abroad with non-speculative injuries and neither Hawaii nor such aliens have any constitutional rights to the alien's entry. *See* Br. of Appellants at 22-31. The Ninth Circuit's decision on these threshold questions will undoubtedly impact this Court's resolution

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY
DISTRICT COURT PROCEEDINGS PENDING RESOLUTION
OF APPEAL IN *HAWAII V. TRUMP* - 3
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-00141 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 305-8902**

of standing issues in this case, which is brought by six states alleging harms similar to Hawaii's. In addition, Defendants note that the *Hawaii* plaintiffs filed a Petition for Initial Hearing En Banc. *See* No. 17-15589, ECF No. 52. If the Ninth Circuit grants that request, the stay ruling in *Washington* will not only be distinguishable, but non-controlling as well.[2]

In any event, resolution of the *Hawaii* appeal need not "settle every question of . . . law" to justify a stay. *Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936). It is sufficient that the *Hawaii* appeal is likely to "settle many" issues and "simplify" others, *id.*, such that a stay will facilitate the orderly course of justice and conserve resources for both the Court and the parties. *See Fairview Hosp. v. Leavitt*, 2007 WL 1521233, at *3 n.7 (D.D.C. May 22, 2007) (granting stay pending resolution of another matter that would likely settle or simplify issues even though it "would not foreclose the necessity of litigation in [the stayed] case"); *In re Literary Works in Elec. Databases Copyright Litig.*, 2001 WL 204212, at *3 (S.D.N.Y. Mar. 1, 2001) (same). Indeed, this Court stayed consideration of Plaintiffs' TRO motion notwithstanding the fact that the motion asserted claims under the INA, Equal Protection Clause, and Due Process Clause— in addition to an Establishment Clause claim. *See* ECF No. 148.

Despite the benefits of awaiting a decision from the Ninth Circuit that "may resolve the primary issues," *Wash.*, 2017 WL 1050354, at *5, Plaintiffs urge the Court to deny a stay because of a purported risk that "evidence . . . may be lost," Opp'n at 1. In particular, Plaintiffs assert that third parties may destroy potentially relevant evidence during the stay. *See id*. at 4-5. But this is pure speculation and Plaintiffs, in any event, can take steps to eliminate this purported risk. Although Defendants have no obligation or ability to ensure that third parties

---

[2] Defendants have not argued that they are "unable" to file a motion to dismiss, Opp'n at 10, but rather, that doing so now would be inefficient and potentially "waste[]" "considerable . . . resources" of the parties and the Court if the Ninth Circuit's decision in *Hawaii* "changes the applicable law." *Wash.*, 2017 WL 1050354, at *5.

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY
DISTRICT COURT PROCEEDINGS PENDING RESOLUTION
OF APPEAL IN *HAWAII V. TRUMP* - 4
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-00141 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 305-8902**

preserve information that is outside of Defendants' possession, custody, or control, *see, e.g.*, *Quest Integrity USA v. A. Hak Indus. Servs.*, 2016 WL 4533062, at *4 (W.D. Wash. Mar. 23, 2016), nothing prevents Plaintiffs themselves from sending preservation letters to non-parties to notify them of the litigation and request that they preserve any potentially relevant evidence.

Regardless, Plaintiffs' unsupported speculation about a potential loss of evidence does not outweigh "the hardship [and] inequity" Defendants would suffer "in being required to go forward" without guidance from the Ninth Circuit. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Contrary to Plaintiffs' assertion, the burden on Defendants is not "merely the burden of defending" a lawsuit. Opp'n at 3. Plaintiffs seek extraordinarily broad, burdensome, and intrusive discovery in an area where the President's authority is at its apex. *See* Joint Status Report & Discovery Plan, ECF No. 177.[3] And Plaintiffs' anticipated discovery will raise a multitude of discovery disputes. *See, e.g.*, *id*. at 5-7 (relevance objections); *id*. at 7-8 (privilege issues); *id*. at 11-12 (objections to depositions of high-ranking officials and discovery of White House). Defendants should not be required to respond to such resource intensive discovery without the benefit of guidance from the Ninth Circuit that is likely to inform the appropriateness, scope, and necessity of the discovery Plaintiffs seek. Rather, "the high respect that is owed to the office of the Chief Executive," which is to "inform . . . the timing and scope of discovery," warrants a stay pending resolution of the *Hawaii* appeal. *Cheney v. U.S. District Court*, 542 U.S. 367, 385 (2004); *see Clinton v. Jones*, 520 U.S. 681, 707 (1997) (The power to stay proceedings applies "especially in cases of extraordinary public moment[.]").

---

[3] In addition to the subjects and time frames described in Defendants' opening brief, Plaintiffs indicated in their initial disclosures that they believe the following high-level government officials are likely to have discoverable information: President Trump, Secretary of Homeland Security Kelly, Secretary of State Tillerson, Attorney General Sessions, former National Security Advisor Michael Flynn, White House Counsel Donald McGahn, Presidential advisors Stephen Miller and Stephen Bannon, and White House Press Secretary Sean Spicer.

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY
DISTRICT COURT PROCEEDINGS PENDING RESOLUTION
OF APPEAL IN *HAWAII V. TRUMP* - 5
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-00141 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 305-8902**

Plaintiffs suggest that the burden on Defendants and the Court can be eliminated by tailoring the stay to allow only third-party discovery. *See* Opp'n at 12. But third-party discovery likely will raise the same relevance issues as discovery against Defendants, meaning the Court will derive a similar benefit from awaiting the Ninth Circuit's guidance before resolving these disputes as well. Indeed, resolution of the *Hawaii* appeal could eliminate any need for the Court to address third-party (or other) discovery disputes at all. In addition, depending on the time period for which third-party discovery is sought (*e.g.*, during the presidential campaign, the transition period, and/or post-Inauguration) and the individuals from whom it is sought (*e.g.*, former government employees and/or transition team members), third-party discovery could raise complex privilege and other issues in which Defendants would have a strong interest. Thus, contrary to Plaintiffs' claim, *see id.*, it is likely that third-party discovery would burden Defendants. And, of course, it will undoubtedly burden the Court.

Finally, Defendants do not seek an "indefinite" stay. *Id.* at 1. Defendants request a stay pending final disposition of appellate proceedings concerning the preliminary injunction in *Hawaii*, which is the same, reasonable stay entered by the district court in *Hawaii* itself. *See* No. CV 17-00050, ECF No. 279. Considering that the Ninth Circuit has ordered expedited briefing and set oral argument for May 15, 2017, *see Hawaii*, No. 17-15589, ECF Nos. 14, 18, there is no reason to believe the stay will be of inordinate duration. Plaintiffs' conjecture about a possible petition for certiorari and further speculation about when any Supreme Court review might take place, *see* Opp'n at 6, does not justify denying a stay. If the Court is concerned about the duration of any stay, it could require a status report once the Ninth Circuit has issued its decision to reevaluate the circumstances at that time. For these reasons, the Court should stay district court proceedings in this case pending resolution of the *Hawaii* appeal.

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY
DISTRICT COURT PROCEEDINGS PENDING RESOLUTION
OF APPEAL IN *HAWAII V. TRUMP* - 6
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-00141 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 305-8902**

DATED: April 14, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

JOHN R. TYLER
Assistant Director, Federal Programs Branch

*/s/ Michelle R. Bennett*
MICHELLE R. BENNETT
DANIEL SCHWEI
ARJUN GARG
BRAD P. ROSENBERG
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530
Tel: (202) 305-8902
Fax: (202) 616-8470
Email: michelle.bennett@usdoj.gov
 arjun.garg@usdoj.gov

*Attorneys for Defendants*

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY
DISTRICT COURT PROCEEDINGS PENDING RESOLUTION
OF APPEAL IN *HAWAII V. TRUMP* - 7
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-00141 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 305-8902**

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2017, I electronically filed the foregoing Reply in Support of Defendants' Motion to Stay District Court Proceedings Pending Resolution of Appeal in *Hawaii v. Trump*.

                         */s/ Michelle R. Bennett*
                         MICHELLE R. BENNETT

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING RESOLUTION OF APPEAL IN *HAWAII V. TRUMP*
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-00141 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 305-8902**