UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, et al., <br><br> Defendants. | CASE NO. C17-0141JLR <br><br> ORDER GRANTING MOTION FOR STAY |

## I. INTRODUCTION

Before the court is Defendants' motion to stay these proceedings pending resolution of the appeal of the preliminary injunction in *Hawaii v. Trump*, No. CV 17-00050 (D. Haw.). (Mot. (Dkt. # 175)); *see also Hawaii v. Trump*, No. 17-15589 (9th Cir.). The court has considered Defendants' motion, Plaintiffs' opposition to the motion (Resp. (Dkt. # 180)), Defendants' reply (Reply (Dkt. # 184)), the relevant portions of the

//

//

record, and the applicable law. Being fulling advised,[1] the court GRANTS Defendants' motion.

## II. BACKGROUND

This lawsuit arises out of President Donald J. Trump's recent issuance of two Executive Orders on immigration: Executive Order No. 13,769 ("EO1") and Executive Order No. 13,780 ("EO2").[2] This lawsuit began as a challenge to EO1. (*See* Compl. (Dkt. # 1).) On February 3, 2017, this court issued a nationwide temporary restraining order ("TRO") enjoining enforcement of sections 3(c), 5(a), 5(b), 5(c), and 5(e) of EO1. (TRO (Dkt. # 52).) On appeal, the Ninth Circuit construed this court's TRO as a preliminary injunction and declined to stay the preliminary injunction pending Defendants' appeal of the preliminary injunction in the Ninth Circuit. *See Washington v. Trump*, 847 F.3d 1151, 1158 (9th Cir. 2017). On March 6, 2017, President Trump issued EO2, which expressly revokes EO1. *See* EO2 ¶ 13. In addition, Defendants withdrew their appeal of this court's injunction with respect to EO1. (9th Cir. Order (Dkt. # 111) (granting unopposed motion for voluntary dismissal of appeal).)

Following the President's issuance of EO2, Plaintiffs filed a second amended complaint incorporating new allegations and claims with respect to EO2. (SAC (Dkt. # 152).) On March 15, 2017, Plaintiffs filed a motion seeking a TRO against enforcement of Sections 2(c) and 6(a) of EO2. (TRO Mot. (Dkt. # 148).) Later that same

---

[1] No party has requested oral argument, and the court determines that oral argument is not necessary for its disposition of this motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] EO2 expressly revoked EO1 effective March 16, 2017. *See* EO2 § 13.

day, in a separate suit, the federal district court in Hawaii enjoined the enforcement of Sections 2 and 6 of EO2. *See Hawaii v. Trump*, No. CV 17-00050 (D. Haw.), Dkt. ## 219-20. On March 17, 2017, the court entered a stay of Plaintiffs' motion for a TRO in part because the federal district court in Hawaii entered a nationwide injunction that provided Plaintiffs with the relief they sought. (3/17/17 Order (Dkt. # 164) at 8-9.) The court also noted that "the Ninth Circuit's rulings on EO2 in *Hawaii v. Trump* will likely have significant relevance to—and potentially control—the court's subsequent ruling here." (*Id.* at 10.) Accordingly, the court concluded that "granting the stay of Plaintiffs' TRO motion while the nationwide injunction remains in place . . . pending the outcome of appellate proceedings in [the Hawaii] case would facilitate the orderly course of justice." (*Id.*)

Defendants now seek a stay not just of Plaintiffs' motion for a TRO, but of the entire case pending resolution of the appeal in *Hawaii v. Trump*. (*See* Mot.) Plaintiffs oppose a stay. (*See* Resp.) The court now considers Defendants' motion.

### III.  ANALYSIS

The court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This power applies "especially in cases of extraordinary public moment" when "a plaintiff may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Clinton*, 520 U.S. at 707. In determining whether to grant a motion to stay, "the competing interests which will be affected by the

granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Those interests include: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* Here, the court finds that these factors weigh in favor of granting Defendants' motion pending resolution of the appeal of the preliminary injunction in *Hawaii v. Trump*.

**A. The Orderly Course of Justice**

The court begins with the last factor—the orderly course of justice and judicial economy. District courts often stay proceedings where resolution of an appeal in another matter is likely to provide guidance to the court in deciding issues before it. *See Landis*, 299 U.S. at 254. Where a stay is considered pending the resolution of another action, the court need not find that the two cases involve identical issues; a finding that the issues are substantially similar is sufficient to support a stay. *See Landis*, 299 U.S. at 254; *see also Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (stating that the court's authority to stay one proceeding pending the outcome in another "does not require that the issues in such proceedings are necessarily controlling of the action before the court"). Here, the appeal in *Hawaii v. Trump* involves many issues that overlap with the present litigation. Indeed, both cases involve challenges to sections 2 and 6 of EO2. (*See* SAC ¶¶ 196, 203, 209, 218, 224, 235, 240); *Hawaii v. Trump*, No.

CV 17-00050 DKW-KSC, 2017 WL 1011673, at *17 (D. Haw. Mar. 15, 2017) (issuing nationwide TRO regarding sections 2 and 6 of EO2).

Defendants argue that waiting for the Ninth Circuit's decision in the *Hawaii* case will likely provide guidance to the court in resolving discovery disputes relevant to Plaintiffs' claims. (Mot. at 6-8.) First, Defendants argue that Plaintiffs are seeking internal government records that Defendants believe are irrelevant because under *Kleindienst v. Mandel*, 408 U.S. 753, 770 (1972), Defendants need only demonstrate a "facially legitimate and bona fide reason" for the Executive's exclusion of aliens. (Mot. at 6.) Plaintiffs contend that "the Ninth Circuit has already resolved . . . against Defendants" the issue of whether internal government documents are relevant to Plaintiffs' claims when it rejected application of the *Mandel* standard in *Washington*, 847 F.3d at 1162. (Resp. at 7-8.) However, in the *Hawaii* appeal, Defendants argue that the federal district court in *Hawaii* misread [the Ninth Circuit's] stay ruling in *Washington*. (*See* Mot. at 1 (citing appellants' brief).) Plaintiffs obviously disagree with this position, but the salient point for purposes of Defendants' stay motion is that resolution of the *Hawaii* appeal is likely to provide guidance to this court on that issue and by extension on the appropriate scope of discovery.

Further, even if the Ninth Circuit were to determine in *Hawaii* that *Mandel* does not provide the applicable standard and that courts may look beyond the four corners of EO2, the Ninth Circuit's decision is likely to provide guidance on the scope of that review. Although the Ninth Circuit is not considering discovery issues on appeal, it is likely to decide legal issues that will impact the court's resolution of the parties'

discovery disputes here by clarifying "the applicable law or relevant landscape of facts that need to be developed." *See Washington v. Trump*, No. C17-0141JLR, 2017 WL 1050354, at *5 (W.D. Wash. Mar. 17, 2017) (quoting *Hawaii v. Trump*, No. CV 17-00050 DKW-KJM, 2017 WL 536826, at *5 (D. Haw. Feb. 9, 2017)).

In addition, Defendants are likely to move for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Mot. at 8.) Defendants are likely to raise the same arguments that they would have raised in opposition to Plaintiffs' TRO motion had the court not stayed consideration of that motion. (*Id.*) For the same reasons that the court determined that the Ninth Circuit's decision in *Hawaii* would be helpful in resolving Plaintiffs' TRO motion, *see Washington*, 2017 WL 1050354, at *6, the Ninth Circuit's decision will also likely help the court in resolving Defendants' motion to dismiss.

Plaintiffs argue that the issues in the two cases are not perfectly matched and that the Ninth Circuit's resolution of the appeal in *Hawaii* will leave various issues unresolved before this court. (*See* Resp. at 8-10.) Resolution of the *Hawaii* appeal, however, need not "settle every question of . . . law" to justify a stay. *Landis*, 299 U.S. at 256. It is sufficient that the *Hawaii* appeal will likely "settle many" issues and "simplify" others, *id.*, such that a stay will facilitate the orderly course of justice and conserve resources for both the court and the parties. *See Fairview Hosp. v. Leavitt*, No. 05-1065RWR, 2007 WL 1521233, at *3 n.7 (D.D.C. May 22, 2007) (granting a stay pending the resolution of another matter that would likely settle or simplify issues even though resolution of the other matter "would not foreclose the necessity of litigation in

[the stayed] case"); *In re Literary Works in Elec. Databases Copyright Litig.*, No. 00 CIV 6049, 2001 WL 204212, at *3 (S.D.N.Y. Mar. 1, 2001) (same). Accordingly, the court finds that this factor weighs in favor of granting Defendants' motion for a stay.

### B. Possible Harm to Plaintiffs if a Stay is Imposed

Plaintiffs assert that there is a significant possibility that a stay will harm their ability to obtain complete and accurate discovery. (Resp. at 3-6.) In particular, Plaintiffs raise the specter that third parties may be free to destroy evidence during the stay. (*Id.* at 4-5.) They also assert that Defendants have disclaimed any obligation to locate or preserve evidence that predates President Trump's inauguration on January 20, 2017. (*Id.*)

The court first addresses Defendants' obligation to preserve evidence. Defendants acknowledge that they "are aware of their obligation to preserve information in their possession, custody, or control that *may* be relevant to the claims and defenses in this case." (JSR (Dkt. # 177) at 9 (italics added).) To date, the court has not ruled that evidence that predates January 20, 2017, is irrelevant to this case. Indeed, Plaintiffs' second amended complaint expressly raises factual allegations concerning pre-inauguration events.[3] (*See, e.g.*, SAC (Dkt. # 152) ¶ 141 ("Prior to his election, Donald Trump campaigned on the promise that he would ban Muslims from entering the United

---

[3] "The 'obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation—most commonly when suit has already been filed, providing the party responsible for the destruction with express notice, but also on occasion in other circumstances, as for example when a party should have known that the evidence may be relevant to future litigation.'" *Ruiz v. XPO Last Mile, Inc.*, No. 05CV2125 JLS (KSC), 2016 WL 7365769, at *3 (S.D. Cal. Dec. 19, 2016) (quoting *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998)).

States.").) Indeed, the relevancy of this time period is one of the issues that Defendants assert the *Hawaii* appeal may resolve and that supports imposing a stay. (*See* Mot. at 7 ("[T]he Ninth Circuit's decision is likely to provide assistance in resolving disputes about the appropriate time frame for any discovery.").) Thus, until that issue is resolved, the court expects all parties to abide by their obligation to preserve information in their possession, custody, or control that may be relevant to Plaintiffs' claims and Defendants' defenses—including evidence that predates January 20, 2017. The entry of a stay in these proceedings does not obviate either parties' obligation to ensure the preservation such evidence, and the court expects all parties to fulfill their obligations in this regard.[4] *See supra* n.3.

Plaintiffs also raise legitimate concerns about their need to obtain information and preserve evidence from third parties. (*See* Resp. at 5.) To alleviate this potential harm, Defendants suggest that Plaintiffs send preservation letters to the third parties at issue "to notify them of the litigation and request that they preserve any potentially relevant evidence." (Reply at 5.) If Plaintiffs do not believe that sending such letters will resolve the issue of third-party evidentiary preservation, the court permits Plaintiffs to seek a limited modification of the stay order to allow Plaintiffs to issue subpoenas to the third parties. The issuance of subpoenas to third parties would provide the force of a court

---

[4] Without citation to evidence, Plaintiffs assert that Defendants believe they "may discard probative evidence if it was created prior to Inauguration Day." (Resp. at 5.) As noted above, such a belief would be contrary to Defendants' obligations to preserve evidence that may be relevant to either Plaintiffs' claims or Defendants' defenses. If there is evidence that a party to this litigation has discarded probative evidence, the court expects such evidence to be brought before it forthwith.

order with respect to the preservation of this evidence and should assuage Plaintiffs' fears that potentially relevant evidence might be destroyed. The court would then stay any required production under or response to the subpoenas until such time as the stay is lifted, which will prevent Defendants from becoming embroiled in potentially complex privilege and relevancy issues without the benefit of the Ninth Circuit's ruling in the *Hawaii* case.[5] (*See* Reply at 6.)

Plaintiffs are also concerned about the potential length of a stay. The court is sensitive to this concern, but notes that the Ninth Circuit ordered expedited briefing in the *Hawaii* appeal and conducted oral argument on May 15, 2017. *See Hawaii v. Trump*, No. 17-15589 (9th Cir.), Dkt. ## 14, 18. Plaintiffs also raise the concern that the stay may continue through an appeal to the United States Supreme Court. (Resp. at 6-7.) Although that may be true, the court also recognizes that litigation is inherently uncertain and this litigation or the *Hawaii* litigation could end prior to reaching the United States Supreme Court. Further, the court will require the parties to submit a joint status report within ten days of the Ninth Circuit's ruling in the *Hawaii* appeal so that the court can reassess the continued appropriateness of the stay at that time. Due to the short duration of the stay Defendants seek and the safeguards that the court has implemented to mitigate any harm to Plaintiffs—particularly with regard to the preservation of evidence—the

---

[5] In addition, requiring Plaintiffs to bring a motion prior to issuing any third-party subpoenas during the course of the stay will permit Defendants an opportunity to respond before any modification of the stay order.

court finds that the potential harm to Plaintiffs is insufficient to warrant denying Defendants' motion.

### C. Possible Hardship or Inequity to Defendants if a Stay is Not Imposed

Defendants assert that, in the absence of a stay pending further guidance from the Ninth Circuit, they will endure hardship due to "[t]he sheer volume of discovery" that Plaintiffs anticipate serving on "the highest levels of government." (Mot. at 9, 10.) In addition to written discovery and document requests, Plaintiffs anticipate up to 30 depositions of government officials, including White House staff and Cabinet-level officers. (*Id.* at 10; *see also* Resp. at 11; Reply at 5 n.3 (stating that Plaintiffs indicated in their initial disclosures that they believe the following officials have discoverable information: President Donald Trump, Secretary of Homeland Security John Kelly, Secretary of State Rex Tillerson, Attorney General Jefferson Sessions, former National Security Advisor Michael Flynn, White House Counsel Donald McGahn, Presidential Advisors Stephen Miller and Stephen Bannon, and White House Press Secretary Sean Spicer); JSR at 8, 9 (stating that Plaintiffs propose that the parties be permitted to take up to thirty (30) depositions per side).) Plaintiffs respond that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" (Resp. at 11 (quoting *Lockyer*, 398 F.3d at 1112 and *Landis*, 299 U.S. at 255).)

However, neither this lawsuit, nor the discovery Plaintiffs seek is typical. The Supreme Court has declared that "the high respect that is owed to the office of the Chief Executive . . . is a matter that should inform the conduct of the entire proceeding, including the timing and scope of discovery, . . . and the Executive's constitutional

responsibilities and status are factors counseling judicial deference and restraint in the conduct of litigation against it." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 385 (2004) (alterations and internal citations omitted). Plaintiffs' anticipated discovery will likely lead to multiple discovery disputes. (*See* JSR at 5-7 (relevance objections), 7-8 (privilege issues), and 11-12 (objections to taking depositions of high-ranking and White House officials).) In the context of this case, the "high respect" owed to the Executive warrants a stay to protect Defendants from the burden of resource intensive discovery while the Ninth Circuit addresses issues that may inform the appropriateness, scope, and necessity of that discovery. *See id.*; *see also Clinton*, 520 U.S. at 707 (stating that the power to stay proceedings applies "especially in cases of extraordinary public moment"). Thus, the court concludes that this factor weighs heavily in favor of granting Defendants' motion for a stay pending the outcome of the appeal in *Hawaii v. Trump*.

**D. Summary of the Factors**

The court concludes that the relevant factors weighs in favor of staying these proceedings pending the resolution of the appeal in *Hawaii v. Trump*. Awaiting the Ninth Circuit's opinion in that case will promote the orderly course of justice and judicial economy. In addition, Defendants have demonstrated they face hardship or inequity in the absence of a stay in light of Plaintiffs' anticipated sweeping discovery and the unique nature of this case involving the Chief Executive. *See Cheney*, 542 U.S. at 385; *Clinton*, 520 U.S. at 707. To the extent that Plaintiffs fear that a stay will harm their ability to preserve evidence, the court has implemented measures described above to mitigate any such possible effects. *See supra* § III.B. In addition, the Ninth Circuit has placed the

appeal on a fast track and oral argument has already occurred, so the stay will likely be of short duration. Finally, the court orders the parties to file a joint status report within ten days of the Ninth Circuit's ruling so that the court may evaluate the continued appropriateness of any stay at that time.

### IV. CONCLUSION

Based on the foregoing analysis, the court GRANTS Defendants' motion (Dkt. # 175) for a stay in these proceedings pending the Ninth Circuit's resolution of the appeal in *Hawaii v. Trump*. Should circumstances change such that lifting the stay is warranted, any party may move to lift the stay.

Dated this 17th day of May, 2017.

JAMES L. ROBART
United States District Judge