UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| STATE OF WASHINGTON, et al., | CASE NO. C17-0141JLR |
|---|---|
| Plaintiffs, v. DONALD J. TRUMP, et al., Defendants. | ORDER GRANTING PLAINTIFFS' MOTIONS TO LIFT THE STAY AND TO FILE A THIRD AMENDED COMPLAINT AND SETTING A SCHEDULE FOR PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER |

Before the court are three motions: (1) Plaintiffs State of Washington, State of California, State of Maryland, Commonwealth of Massachusetts, State of New York, and State of Oregon's (collectively, "the States") motion to lift the stay on these proceedings (Mot. to Lift Stay (Dkt. # 193)); (2) the States' motion for leave to file a third amended complaint to allege that the Presidential Proclamation entitled "Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry into the United States by Terrorists or Other Public-Safety Threats," 82 Fed. Reg. 45,161 (September 27, 2017)

("EO3"), injures the States and their residents (Mot. for TAC (Dkt. # 194)); and (3) the States' motion for a temporary restraining order ("TRO") prohibiting the enforcement of Sections 1(g) and 2 of EO3 (TRO Mot. (Dkt. # 195)).  As discussed below, the court grants the first two motions and sets a schedule with respect to the third.

On September 24, 2017, Executive Order No. 13780 ("EO2") expired and President Donald Trump issued EO3.[1]  (*See* Mot. to Lift Stay at 3.)  EO2 had ordered a temporary suspension on the entry of foreign nationals from Iran, Libya, Somalia, Sudan, Syria, and Yemen, and a temporary suspension on decisions regarding refugee status and refugee travel to the United States.  *See Trump v. Int'l Refugee Assistance Project*, --- U.S. ---, 137 S. Ct. 2080, 2083-84 (2017).  EO3 suspends all immigration from seven countries, including Chad, Iran, Libya, Somalia, Syria, Yemen, and North Korea, and applies "additional scrutiny" to immigrants from Iraq.  EO3 §§ 1(g), 2(a)-(e), (g)-(h).  The order also suspends entry by classes of non-immigrants like students, businesspeople, and tourists from the foregoing listed countries as well as from Venezuela.  *Id.* §§ 2(a)-(h).  These non-immigrant restrictions vary by country and by type of visa.  *See id.*  EO3 takes effect October 18, 2017, and, unlike EO2, applies indefinitely.  *See id.* § 7(b).

The court concludes that the States have demonstrated that, by virtue of the expiration of EO2 and the issuance of EO3 on September 24, 2017, circumstances have changed such that the court should lift the stay.  Further, in their motion to lift the stay,

---

[1] On March 6, 2017, President Trump issued EO2, which expressly revoked Executive Order No. 13769 ("EO1").  *See* EO2 ¶ 13.

the States represent that Defendants Donald Trump, United States Department of Homeland Security, Elaine C. Duke, Rex Tillerson, and United States of America (collectively, "Defendants") do not oppose the motion. (Mot. to Lift Stay at 2 ("Defendants do not oppose lifting the stay.").) Accordingly, the court grants the States' motion to lift the stay.

The States also seek leave to file a third amended complaint to allege that EO3, like its predecessors EO1 and EO2, injures the States' interests and their residents. (*See generally* Mot. for TAC.) In this motion, the States also represent that they have conferred with Defendants and that Defendants do not oppose the States' motion to amend. (*Id.* at 2.) Given Defendants' lack of opposition and the federal policy in favor of the amendment of pleadings, which "is 'to be applied with extreme liberality,'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (additional citation omitted)), the court also grants the States' motion to file a third amended complaint.

Finally, the court addresses the scheduling of the parties' briefing and a hearing on the States' motion for a TRO. In their motion to lift the stay, the States acknowledge that the parties are in disagreement concerning these scheduling issues. (*See* Mot. to Lift Stay at 1.) The States ask the court to require Defendants to file their response to the motion for a TRO by 12:00 noon Pacific Daylight Time ("PDT") on Sunday, October 15, 2017. (*Id.*) The States also ask the court to schedule a hearing on the motion on Monday,

October 16, 2017, at 1:00 p.m. PDT. (*Id.*) The States lastly offer to forgo filing a reply brief. (*Id.*)

Defendants oppose the expedited schedule that the States propose. (*See id.* at 7-8.) Defendants state:

> [T]he Government does not believe it is either necessary or appropriate for the Court to decide Plaintiffs' TRO motion before October 18. There will be no irreparable injury to Plaintiffs from a brief delay in entry from the Proclamation while the issues are adjudicated on a reasonable briefing schedule. Moreover, the Government believes it should be given at least 14 days to file its opposition to [P]laintiffs' TRO motion. Any less time would be prejudicial, especially since Plaintiffs have created any urgency by waiting 17 days after the Proclamation was issued before filing their TRO motion, despite knowing the Proclamation would take effect after 23 days. The Government should not be disadvantaged, nor the Court burdened, by Plaintiffs' delay.

(*Id.* (citing E-mail from Michelle Bennett, Trial Attorney, U.S. Department of Justice, Civil Division, Federal Programs Branch, to Colleen Melody, Civil Rights Unit Chief, Washington State Attorney General's Office (Oct. 11, 2017, 08:49 PDT)).)

The court agrees with Defendants. The issues raised by the States' motion for a TRO are complex and weighty. (*See generally* TRO Mot.) EO3 was issued on September 24, 2017; yet the States did not file their motion seeking a TRO until October 11, 2017—17 days after EO3 was issued and less than a week before its effective date. (*See* TRO Mot.) The court's comment on the States' timing of its motion is not meant as a criticism. Indeed, the court is confident that the States' attorneys were working diligently to analyze EO3, marshal evidence, and craft their arguments from the moment President Trump issued EO3. Rather, the court's comment is aimed at recognizing that the issues the States raise require time to properly analyze and consider. Like the States,

Defendants also require time to respond, and the court needs time to evaluate the issues as well. Further, the court believes that it should decide these issues on a record that includes complete briefing from the parties, including a reply memorandum from the States. Finally, the court agrees with Defendants that the States fail to show irreparable injury or undue prejudice by brief implementation of EO3 for a few days while the issues in the States' motion are adjudicated on a reasonable briefing schedule.[2]

Accordingly, the court establishes the following schedule with respect to the States' motion for a TRO. The court orders Defendants to file their response to Plaintiffs' motion no later than Monday, October 23, 2017, at 12:00 noon PDT.[3] The court orders the States to file their reply no later than Thursday, October 26, 2017. Finally, the court will hold a hearing on the States' motion for a TRO on Monday, October 30, 2017, at 1:30 p.m. PDT.

In addition to the foregoing schedule, the court directs the parties to address an issue in their memoranda that is not addressed in the States' motion. In their section on balancing the equities, the States do not address the Supreme Court's opinion in *Trump v. International Refugee Assistance Project*, --- U.S. ---, 137 S. Ct. 2080, 2087-89 (2017) (hereinafter, "*IRAP*"), which primarily discussed balancing the equities on a preliminary

---

[2] The court, however, makes no ruling or comment concerning any irreparable injury or harm that the States may incur by the indefinite implementation of EO3.

[3] Defendants assert that they need at least 14 days to respond to the States' motion for a TRO. (*See* Mot. to Lift Stay at 7-8.) However, given the resources available to the United States Department of Justice, which "refers to itself as 'the world's largest law office'" (*see* 4/13/17 Order (Dkt. # 183) at 2), the court is comfortable with providing Defendants 11½ days to respond.

injunction involving EO2. (*See* TRO Mot. at 23-24.) Without assuming any outcome with respect to any of the elements necessary for preliminary injunctive relief, *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), the court directs the parties to include an analysis of the Supreme Court's opinion in *IRAP* in their respective response and reply memoranda and how that opinion may or may not apply to balancing the equities with respect to the injunctive relief the States seek regarding EO3.

In summary, the court GRANTS the States' motion to lift the stay (Dkt. # 193) and the States' motion to amend the complaint (Dkt. # 194). The court further ORDERS the States to file their proposed third amended complaint (*see* Dkt. # 194-1) within five (5) days of the filing of this order. Finally, the court establishes a briefing schedule for the States' motion for a TRO as described above, directs the parties to discuss *IRAP* in their memoranda, and schedules a hearing on Monday, October 30, 2017, at 1:30 p.m. PDT.

Dated this 12th day of October, 2017.

JAMES L. ROBART
United States District Judge