

**Bob Ferguson**
# ATTORNEY GENERAL OF WASHINGTON
Administration Division
PO Box 40100 • Olympia, WA 98504-0100 • (360) 753-6200

<u>**Via ECF**</u>

October 17, 2017

The Honorable James L. Robart
United States Courthouse
700 Stewart Street, Suite 14128
Seattle, WA 98101-9906

RE:   *State of Washington et al. v. Donald J. Trump, et al.*, **Case No. 2:17-cv-00141JLR**

Dear Judge Robart:

In light of recent developments in this case and today's order granting a nationwide temporary restraining order in *Hawai'i v. Trump*, 17-00050 DKW-KSC (D. Haw. Oct. 17, 2017), ECF 387, the States of Washington, California, Maryland, Massachusetts, New York, and Oregon (States) file this letter to address those developments and ask the Court for two things: (1) to maintain the October 30 hearing date and issue a ruling on the States' motion even though preliminary relief has been granted by the district court in Hawai'i; and (2) to treat the States' motion for a TRO as a motion for preliminary injunction.

On October 11, after gathering extensive evidence documenting the States' harms from EO3, the States moved for a TRO, asking the Court to rule before EO3's effective date of October 18. On October 12, the Court set a schedule culminating in a hearing on October 30, noting that the Court wanted "time to evaluate the issues" and "a record that includes complete briefing from the parties." ECF 197 at 4-5. Today, the district court in *Hawai'i v. Trump*, 17-00050 DKW-KSC (D. Haw.), entered a TRO against portions of EO3, indicating that it will soon consider whether to convert the TRO to a PI.[1]

---

[1] The *Hawai'i* district court has indicated that it intends to set an "expedited hearing to determine whether [its] Temporary Restraining Order should be extended" and indicated that it may consider converting the TRO into a preliminary injunction without additional briefing or hearing. Order Granting Motion for Temporary Restraining Order at 39, *Hawai'i*, No. 17-00050 DKW-KSC (D. Haw.), ECF 387.

ATTORNEY GENERAL OF WASHINGTON

The Honorable James L. Robart
October 17, 2017
Page 2

Notwithstanding the TRO entered in Hawai'i and ongoing proceedings in other courts,[2] the States ask this Court to rule on the States' pending motion. The States acknowledge that the Court decided to stay consideration of this case as to EO2 after other courts enjoined large parts of that order. ECF 164, 189. The States ask that the Court take a different approach this time because of the huge number of people the States represent who are harmed by EO3 and the relevance of those harms to any appellate consideration of both standing and the injunctive relief factors as to EO3, including irreparable harm, the public interest, and the balancing of the equities.

In litigating EO2 on appeal, Defendants attacked the standing of the plaintiffs in both the Fourth and Ninth Circuit cases all the way up to the Supreme Court, as well as arguing that the plaintiffs were suffering no irreparable injury and that the public interest and equities tipped in the government's favor.[3] Defendants are already repeating those arguments in their briefing on EO3, challenging the standing of the plaintiffs in these cases and arguing that the other injunctive relief factors favor the government.[4]

While the States disagree with Defendants' arguments on these points, the States have also offered overwhelming evidence demonstrating their standing to bring this case, irreparable injury, and equities in support of enjoining EO3 (including over 120 declarations, with more on the way[5]). That evidence should be before the appellate courts as they consider EO3. Unlike other pending cases, the States come to this Court on behalf of tens of millions of residents (roughly 83 million in total), including hundreds of thousands originally from the countries impacted by EO3. *See* 3d. Amended Compl. ¶¶ 17, 51, 71, 84, 101, 120, ECF 198. Tens of thousands of these residents are naturalized U.S. citizens, many of whom now face indefinite separation from their family members and loved ones. *See, e.g., id.* ¶¶ 17, 25, 101-03. The States also have thousands of residents from the affected countries enrolled or teaching at their public colleges and universities. *Id.* at ¶¶ 35-36, 53, 75-77, 91, 94, 108. Many of these students and staff are already considering leaving the United States because of EO3, causing the States' educational institutions to lose tuition revenue and

---

[2] There is a pending motion for a preliminary injunction in *IRAP v. Trump,* No. 8:17-cv-000361-TDC (D. Md. Oct. 6, 2017), ECF 205, as to which the court held a hearing yesterday.

[3] *See, e.g.*, Br. For Appellants, *Hawai'i v. Trump*, No. 17-15589 (9th Cir. 2017), ECF 23; Reply Br. For Appellants, *Hawai'i v. Trump*, No. 17-15589 (9th Cir. 2017), ECF 281; Br. For Appellants, *IRAP v. Trump*, No. 17-1351 (4th Cir. 2017), ECF 36; Reply Br. For Appellants, *IRAP v. Trump*, No. 17-1351 (4th Cir. 2017), ECF 221; Br. For Petitioners, *Trump et al. v. IRAP et. al.*, Nos. 16-1436 and 16-1540, (U.S. 2017).

[4] Defs.' Combined Mem. in Opp'n to Pls. Mots. for Prelim. Injs., *IRAP v. Trump*, No. 8:17-cv-00361-TDC (D. Md.), ECF 212.; Defs.' Mem. in Opp'n to Pls. Mot. for TRO, *Hawai'i v. Trump*, No. 1:17-cv-00050-DKW-KSC (D. Haw.), ECF 378.

[5] This week, and in advance of Defendants' October 23 response deadline, the States will file approximately a dozen additional declarations evidencing the harms that EO3 will cause to the States' public and private universities, medical schools, state and local economies, health care systems, and individual residents.

suffer harm to research projects and academic programs. *E.g. id.* at ¶¶ 37-38, 42-46, 53-57, 105-07, 111-12, 122-27. These harms are different in both degree and kind from the harms presented in other cases, and the interests of justice are best served by having them considered in any ultimate ruling on the justiciability, harms, equities, and public interest impacts of EO3. Indeed, as this Court noted in its scheduling order, the Supreme Court modified the injunctions entered against EO2 based "primarily" on its own "balanc[ing of] the equities." ECF 197 at 5 (citing *Trump v. International Refugee Assistance Project*, --- U.S. ---, 137 S. Ct. 2080, 2087-89 (2017)). That Court should have a full picture of the equities as to EO3 when considering how to address it.

Relatedly, the States ask that the Court treat the States' pending motion as one for PI rather than TRO, for three reasons. First, the briefing schedule and intent of the Court to allow "complete briefing from the parties," ECF 197 at 5, now align more with the nature of a PI motion than a TRO motion. (Indeed, as the Court well knows, if the Court rules on the motion and denotes its ruling as a TRO, the Ninth Circuit may treat it as an appealable order because of the parties' full opportunity to brief and argue the issues. *See Washington v. Trump*, 847 F.3d 1151, 1158 (9th Cir. 2017) (per curiam).) Second, if the Court decides to rule on the States' pending motion, as the States request above, treating the motion as one for PI will benefit judicial economy by permitting the Court to consider the States' request only once, because the standard for relief on PI and TRO motions is identical. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Third, because the standard is the same, Defendants will suffer no prejudice from having their arguments in opposition considered as a response to a PI instead of a TRO.

For these reasons, the States respectfully ask that the Court treat the pending motion as one for preliminary injunction and rule on the motion in accordance with the Court's current scheduling order.

Respectfully submitted,

Noah G. Purcell
*Solicitor General*